Phenix
v.
Baldwin.

## PHENIX *vs.* BALDWIN.

A defendant who has procured the testimony of a witness residing abroad to be taken under a commission, is not bound on the trial of the cause, upon the requisition of the plaintiff, to call the witness who is then in court, and examine him *viva voce,* but may read his deposition as taken under the commission; the plaintiff however may have the witness sworn and examined, although he omitted to join in the commission.

And where in such case the defendant alleged that the testimony of the witness on the trial was materially variant from his deposition, and asked for a new trial on the ground of *surprise,* and that he could not fully establish his defence by other witnesses—the motion was denied, the court being of opinion that there was no variance in the testimony, and the defendant omitting to produce the affidavits of the persons by whom he alleged his defence could be established.

IN this case, a motion was made on behalf of the defendant for a new trial, on the ground of surprise. The action was *assumpsit* to recover the value of a quantity of lumber sold. The defendant had sued out a commission to *Pennsylvania,* under which the testimony of one *Matthews* had been taken, which commission had been returned with the testimony of Matthews annexed. On the trial of the cause, the plaintiff, after calling two witnesses to prove the sale of the timber, and admissions of indebtedness by defendant, rested. The defendant then offered in evidence the deposition of Matthews taken under the commission; the plaintiff objected, alleging that *Matthews* was then in court, and that the defendant in such case was not entitled to read the deposition. The judge overruled the objection, and the deposition was read. The plaintiff then called Matthews, and he appearing, the plaintiff asked that he be sworn as a witness. The defendant objected that the plaintiff had no right to avail himself of a *viva voce* examination of Matthews on the trial; that having neglected to unite in the commission, he must now be content with the deposition taken under the commission. The objection was overruled, and Matthews testified in the cause. The plaintiff had a verdict. The defendant, on an affidavit that Matthews' testimony on the trial was material different from his deposition under the commission, that he was consequently taken

by *surprise*, and that on a new trial he would be able fully to establish his defence by other witnesses, moved for a new trial. The Court being of opinion that the testimony of Matthews as given on the trial was not materially different from that given by him under the commission, and no affidavits being produced of the persons whose testimony the defendant hoped to procure on a second trial, the motion for a new trial was DENIED. *See* 17 *John. R.* 345.

*W. W. Frothingham*, for the defendant.

*S. Stevens*, for the plaintiff.