Me. Chief Justice Johnson, delivered the opinion of the court. The question presented is whether the facts contained in the affidavit of Levy show such a surprise as to entitle him to a new trial. The state of case, as testified by Brown before the justice and that detailed by him in the circuit court, according to the affidavit, are essentially variant, and as a necessary consequence calculated to produce very different results. In the case of Phenix vs. Baldwin, (14 Wend. 62,) where the defendant had taken the deposition of a witness under a commission which witness appeared in court upon the trial, having been introduced by the plaintiff and subjected to a viva voce examination, the defendant, after a finding against him, moved for a new trial, and in support of his motion filed an affidavit that the testimony of the witness upon the trial was materially different from his deposition under the commission, that he was consequently taken by surprise, and that on a new trial he would be able fully to establish his defence by other witnesses, the court, being of opinion that the testimony of the witness as given on the trial was not materially different from that given by him under the commission, and no affidavits being- produced of the persons whose testimony the defendant hoped to procure on a second trial, refused the motion. The court in that case doubtless would not have required the affidavits of the persons, who were proposed to be subsequently introduced as witnesses, in case that a manifest variance had appeared between the deposition and the testimony as detailed in the court below. The party who had taken the deposition was presumed to know what it contained, and in case it was not sufficient for his purposes, it was his duty to have used due diligence to supply its defects before the time should arrive when he would be required to use it. If he would rest upon his deposition, with a knowledge of other testimony by which he could fully establish his defence, and that too when he received the full benefit of the deposition, or that which was equivalent to it, he was clearly guilty of laches, and as a matter of course, could not be heard to object to the findin'g, unless he would at least produce the affidavits of the persons by whom he expected to complete his defence. It is objected that the additional evidence sought to be used upon a re-hearing, is merely cumulative, and that, if procured, it could not be used, as its effect would be to impeach the defendant’s own witness. It is a general rule that a new trial should not be granted upon the sole ground of a discovery, after verdict, of parol testimony concerning a point litigated, or a fact known to the party at the trial, because the converse of this rule would open a wide filed for unfairness and subornation, and would tend to protract litigation, and render it not only uncertain but almost interminable. And hence, for a like reason, it has been often decided that a new trial should not be awarded merely on the ground of a discovery of testimony to impeach a witness who testified on the trial. But surprise is altogether a different ground for a new trial. It does not, like discovery, imply negligence but shows a satisfactory reason for the non-production of testimony known to exist, but the materiality of which on the trial resulted entirely from the unexpected fact respecting which the party seeking a new trial had been lulled either by the antagonist party or the witnesses of that party, and had therefore been surprised. And in a case of such surprise, the fact that the omitted testimony may tend to impeach a witness who had been examined on the first trial, is not material. "When a party has not been surprised by the testimony of a witness against him it would be unreasonable to grant him a new trial for the purpose of introducing new witnesses to discredit that witness. But w'hen he was surprised by the testimony it would be equally unreasonable, and even more so, to refuse a new trial merely because an opportunity would- be thereby afforded to impeach a witness on the former trial, so as to effect what would have been done without a new trial, had there been no surprise, and that is, repel or defeat the testimony by which the party was surprised. See McFarland’s administrators vs. Clark, 9 Dana’s Rep. 134, and the eases there cited. Upon the trial in that case after the administrators had proved that the name of Sena Clark, subscribed to a paper purporting to be a receipt of full satisfaction from McFarland, was apparently in her hand-writing, she, on further examination as a witness, denied that she had ever signed her name, and averred that she had never heard of the paper until she had seen it in the possession of a Mr. Wickliff, not long before the trial. After the verdict one of the administrators and who alone attended to the defence of the case, filed an affidavit, in which, among other things, he averred that he was present when the writing was shown at his own instance by Mr. Wickliff to Sena Clark, and that she then did not deny but virtually admitted its genuineness; and that this fact he would have proved by Wickliff and one Howell on the trial, had he known or even suspected that Sena Clark would have testified as she did, and whereby he therefore was surprised. The party in that case did not pretend that the witness had ever testified under the solemnity of an oath to the fact to which she was called upon the trial, but simply that she had virtually admitted the fact. The fact here stands upon an entirely different ground and would much more fully justify the defendant in relying upon the testimony of the witness. He stated in his affidavit that his witness, Brown, had testified under oath before another court in the same case, and between the same parties, that he the said Brown had loaned the money to the said defendant, for which the note sued upon was given, and that he was to receive, in consideration of said loan, five per cent, per month. Had the witness testified to the same state of facts in the circuit court, it is manifest that the result must have been directly the reverse of what it was, as it would have been a complete answer to the action. The motion for a new trial was addressed to the sound discretion of the circuit court, and the question upon which that discretion was to be exercised was whether the party seeking the new trial had been diligent in the preparation of his defence, or whether he had been guilty of negligence. We think it would be difficult to conceive of a case where a party would be more fully and completely excusable in not making further exertions to produce additional testimony. The legal presumption was that the witness testified to the truth before the justice, and nothing could be further from the intendment of the law than that he would depart, in the least minutia, from the precise statement then and there made. The defendant was not even required to seek other and additional testimony as a matter of mere precaution, to be used in case of the death of his witness, as he had already placed his testimony in such a situation as to be accessible to him in that event. He was, therefore, in every aspect of the case, entirely warranted in relying alone upon his testimony, and as such he was most clearly surprised and consequently entitled upon that ground alone to a new trial. It is also contended in behalf of the plaintiffs below that the usury must appear upon the face of the contract itself, and that it cannot exist in parol. As an answer to this position we will simply refer to the argument of the court of appeals of Kentucky in the case of Lear vs. Young, 3 Marshall's Rep. 421. It is, by that court in that case, held as follows to wit: “It is true that the verbal contract would, independent of the statute, be merged in the written agreement, and being inconsistent therewith, pa-rol evidence would be inadmissible to prove it. But if we are correct in supposing the written agreement to be void under the statute, in consequence of the illegality of the verbal contract, it is obvious that the latter cannot be merged in the former; for it is only in virtue of its superior obligation that a written contract has the effect of extinguishing the verbal contract upon which it is founded; and of course when it is no obligation it can have no such effect. With respect to the admissibility of parol evidence to prove the contract there can be no doubt, for it is well settled that any matter which shows that a security is void on the ground of its being usurious, may be averred and proven however contrary it may be to the terms of the security.” An agreement to pay more than legal interest for money loaned on note, such agreement being made at the time of the loan, is usurious, and renders the note void, though the note on its face be for the amount lent with legal interest only. But if the agreement to pay more than legal interest be subsequent to the time of the loan, though such agreement be usurious, yet it will not avoid the note. See Merrills vs. Law, 9 Wend. Rep. 65. In view of the whole case therefore, we are clearly of opinion that the circuit court erred in refusing a new trial. The judgment of said circuit court is consequently reversed and the cause remanded with instructions to proceed therein according to law and not inconsistent with this opinion.