ISAAC COOK *v.* PABLO DE LA GUERRA, FRANCISCO DE LA GUERRA, MIGUEL DE LA GUERRA, ANTONIO MA. DE LA GUERRA, AND GASPAR OREÑA.

DEMURRER — OFFICE OF. — A statement of facts in a demurrer is not admissible. The only office of a demurrer is to raise issues of law upon the facts stated in the pleading demurred to.

MORTGAGE—DEFENSE AGAINST.—It is no defense, in an action to foreclose a mortgage upon real estate, that it was executed by the heirs after the death of their father, from whom they inherited the property, and that the deceased left debts which remain unpaid, and that the estate is being administered upon in the Probate Court.

NEW TRIAL ON GROUND OF SURPRISE.—A new trial will not be granted on a showing, alone, of surprise, which ordinary prudence could not have guarded against, but it must also be made to appear that the moving party has a valid defense to some material part of the plaintiff's cause of action, and that on the new trial the result may be different from that on the first trial.

MORTGAGE BY HEIRS—FORECLOSURE OF.—The foreclosure of a mortgage, executed by the heirs of the deceased, upon property inherited from him, does not divest or injuriously affect the rights of the creditors of the deceased; but the purchaser

at the foreclosure sale will hold the property, subject to the proceedings in the Probate Court, for the settlement of the estate of the deceased.

FINDING OF FACTS—EXCEPTION TO. — A judgment, rendered in an action tried by the Court, without a jury, after the first day of July, 1861, will not be reversed for want of a finding of the facts, unless exceptions be made in the Court below to the want of a finding.

APPEAL from the District Court, First Judicial District, Los Angeles County.

José de la Guerra y Noriega, the father of the defendants, the De la Guerras, died in February, 1858, and by his last will and testament devised the mortgaged premises to said defendants, and made the defendants Pablo and Francisco, his sole executors. The will was admitted to probate, and the executors entered on the discharge of their trust.

The devisees, on the 29th day of May, 1861, executed the note and mortgage upon which this action was brought.

The other facts are stated in the opinion of the Court.

*Howard* and *Sepulveda,* and *Coffroth & Spaulding,* for Appellants.

*Charles E. Huse,* for Respondent.

Surprise, alone, is no ground for a new trial. It should be such surprise as *ordinary prudence* could not have guarded against. (Wood's Dig. 192, §193; *Patterson* v. *Ely,* 19 Cal. 28; *Haight* v. *Green,* 19 Cal. 113; *Mulholland* v. *Heyneman,* 19 Cal. 605; *Malhom* v. *Hyde,* 3 E. D. Smith, 177; *Fowler* v. *Colyer,* 2 E. D. Smith, 125; *Babcock* v. *Brown,* 2 Vermont, 550.)

By the Court, RHODES, J.

The complaint in this case is in the usual form of complaints for the foreclosure of mortgages of real estate. All of the defendants except Oreña demurred to the complaint on the grounds that there is a defect of the parties defendants, and that the complaint does not state facts sufficient to constitute a cause of action.

Isaac Cook *v.* Pablo de la Guerra *et als.*

It does not appear upon the face of the complaint that there is a. defect of parties, but the defendants, in order to make the defect apparent, allege as facts that the mortgaged premises are a portion of the estate of José de la Guerra y Noriega, 'and that the estate is unsettled, and that for that reason the creditors, claimants, and legatees of the estate are necessary parties to the action.

This mode of pleading is inadmissible under any system; for it is not the office of a demurrer to state facts, but to raise an issue of law upon the facts stated in the pleading demurred to.

The second ground is not well taken, for the complaint does state all the ·facts that are necessary in a complaint to foreclose a mortgage.

. The defendant Oreña filed a separate answer, and Pablo, Francisco, Miguel, and Antonia Ma. de la Guerra, filed a joint answer, in which they set up substantially the same defense, which is that the mortgaged premises belong to the estate of José de la Guerra y Noriega, deceased, which remains .in the Probate Court unsettled, and that the creditors and legatees of said deceased are unpaid, and that Oreña, on the 16th of October, 1861, (which was subsequent to the mortgage,) purchased of the other defendants, who are the sons of said deceased, all their right, title, and interest in and to the estate of said deceased; but they do not deny the execution or delivery of the promissory notes by the De₀la Guerras to the plaintiff, nor that the amount alleged in the complaint is due from them to the plaintiff, nor that they executed and delivered the mortgage to secure the .payment of the notes.   Upon the hearing, the Court rendered a decree of foreclosure and sale of the mortgaged premises, and a personal decree against the De la Guerras for the deficiency that might remain after application of the proceeds of sale to the payment of the mortgage, debt, and costs.

On the day following the entry of the decree, all the defendants except Oreña moved for a new trial on the ground of surprise.   The motion was heard upon the affidavits of the attorneys of the parties, and was overruled.   Pablo de la Guerra

states that he was the attorney of all the defendants except Oreña; that on the 9th day of November, 1863, he received notice that the case would be brought on to trial on the 16th of the same month; that on the 13th of November he wrote from Santa Barbara to Ygnacio Sepulveda, an attorney at law at Los Angeles, where the cause was tried, to appear for him and procure a postponement of the trial; that Sepulveda did· not receive the letter until seven o'clock P. M. of the 17th of November—the decree having been rendered on that day before the receipt of the letter.

The defendants fail to state what were the grounds for a continuance of the cause, and do not allege that they had any other or further defense to the action than they have set up in their answers; but if they had stated in their affidavits a good and meritorious defense, this Court would not reverse the action of the Court below, in refusing to grant a new trial, unless there was a gross abuse of discretion.

It does not clearly appear that the surprise was such that ordinary prudence on the part of the parties or their attorneys could not have guarded against it. It requires, however, something more than a showing of surprise which ordinary prudence could not have guarded against. The Court will not set aside a decree and grant a new trial, on behalf of a defendant, merely for the purpose of going through the idle form of a trial in· the presence of the defendant or his attorney, but it must be made to appear that on the new trial the result may be different from that on the first trial; in other words, the defendant must disclose a valid defense to some material part of the plaintiff's cause of action.

The defendants have failed to disclose any defense other or better than that set up in their answers. If the defendants had appeared and proved on the trial all the affirmative allegations contained in their answers, it would not have changed the result of the action. As already stated, the answers do not deny any material allegation in the complaint, but rely upon the fact that the mortgaged property formed a portion of the unsettled estate of the deceased father of the defend-

ants, De la Guerra, which is subject to the payment of certain debts and legacies. Those matters could not be litigated in this action.

The decree expressly saves the rights and liens of the executors of said estate; but even if that reservation had not been made, the foreclosure of a mortgage executed by the heirs or devisees of the deceased could not divest or injuriously affect the prior rights of the creditors or legatees of said deceased. The purchaser at the foreclosure sale will acquire no greater or higher right in the mortgaged premises than the mortgagors held, and the property in his hands will be subject to the orders and proceedings of the Probate Court as fully in all respects as if the mortgage had not been foreclosed.

The last error assigned by the defendants is that the Court failed to find a separate finding of the facts and conclusions of law. It is provided by section two of "An Act to regulate appeals in this State," approved May 20, 1861, that no judgment shall be reversed for the want of a finding unless exceptions be made therefor in the Court below. No exceptions were taken to the want of a finding, therefore the Court must disregard the alleged error, and cannot by reason of it reverse the judgment.

The judgment is affirmed.