## OVERTON *v*. STATE.

Opinion delivered December 10, 1892.

1. *New trial—Surprise.*

A party is not entitled to a new trial upon the ground of surprise, if he failed to make application for postponement of the trial in order that he might repair the damage done to him by the unexpected testimony.

2. *Practice—Bill of exceptions.*

Exceptions to remarks of the prosecuting attorney, in his closing argument to the jury, should be taken by bill of exceptions, and cannot be shown by affidavits filed in support of a motion for a new trial.

Appeal from Monroe Circuit Court.

GRANT GREEN, JR., Judge.

### STATEMENT BY THE COURT.

The appellant was indicted for, and convicted of, an assault with intent to kill one J. H. Fryer. A part of the evidence adduced at the trial was the testimony of J. M. Lindley and G. W. Kizer. Lindley testified, substantially, as follows: "I was with the defendant and Kizer, at the latter's house, the evening after the killing. I took a drink or two, and defendant and Kizer were drunk, but not so drunk as not to know what they were talking about. They were drunk enough to be in good talking humor. Defendant told Kizer that he shot Jim Fryer, and did not expect Fryer would bother the neighborhood from making a crop that year. Some one told defendant to come out of the house, and got him out, but I do not know who it was."

Kizer testified as follows: " The next day after the shooting, the defendant was at my house and was pretty drunk. He said that he shot Fryer, or words to that effect. He came back to my house the next morning and asked me to say nothing of what he had told me the day

before, because it might get us both in trouble, for there were bad men in it. He also denied having anything to do with the killing."

Among the instructions given by the court were the following: "There has been evidence tending to show that the defendant confessed that he committed the assault alleged. If you find from the evidence, beyond a reasonable doubt, that the defendant freely, voluntarily and understandingly admitted that he committed the assault alleged, and that J. H. Fryer was assaulted as alleged, and you believe from the evidence beyond a reasonable doubt that the confession was true, this would be sufficient to warrant a conviction. But the confession must be proved by competent and credible testimony. You should weigh and consider the testimony offered to prove the confession like other testimony, and, to credit the truth of the alleged confession, you should find that it was freely, voluntarily and understandingly made; and, in determining the question, you should take into consideration all the circumstances surrounding the defendant at the time it is said to have been made.

"The court instructs the jury that a free and voluntary confession of a party that he committed a crime, with proof that the crime was committed, is sufficient to warrant a conviction. And if the jury find from the evidence in this case, beyond a reasonable doubt, that Fryer was shot, and find beyond a reasonable doubt that defendant afterwards freely and voluntarily confessed committing the act, you will find the defendant guilty, as charged in the indictment, if you believe from the testimony, beyond a reasonable doubt, that the confession was true. And, in determining whether defendant freely, voluntarily and understandingly admitted that he shot J. H. Fryer, you will weigh the testimony tending to establish the alleged confession like any other testimony; the confession must be proven like any other fact, and if,

on the whole case, you have a reasonable doubt of the guilt of the defendant, you should acquit."

The defendant asked for, and the court refused to give, the following instructions :

"First.  The court instructs the jury that the confessions of a prisoner out of court are a doubtful species of evidence, and should be acted upon by the jury with great caution ; and, unless they are supported by some other evidence tending to show that the prisoner committed the crime, they are rarely sufficient to warrant a conviction.

"Second.  If in any case a conviction is relied upon, on the grounds of admission, unsupported by other evidence, such admission or confession should be clear and unequivocal, and such as to convince the jury beyond a reasonable doubt of the defendant's guilt."

The defendant asked for a new trial on the following and other grounds :  First, because he was surprised by the testimony of J. M. Lindley and G. W. Kizer ;  second, because the court refused to give the instructions which were asked for by him ;  third, because the court allowed the prosecuting attorney, in his closing speech before the jury, to make statements to the prejudice of the defendant which were wholly unsupported by the evidence.

To sustain the first ground, he filed affidavits, in which affiants stated that Lindley had said to the defendant and others that he knew nothing which would connect the defendant with the offense charged in the indictment ; and that Kizer had said to him and others that he (defendant) did say something to Kizer about the shooting of Fryer, but that he, Kizer, was drunk at the time and had no recollection of what was said, and that the whole conversation was like a dream to him (Kizer).

The third ground is wholly unsupported by the bill of exceptions in the case. An affidavit was filed to sustain it.

The motion was denied; and the defendant appealed.

*H. A. Parker* for appellant.

1. The court erred in instructing the jury what evidence was necessary to convict. 18 S. W. Rep. 54; *ib.* 829.

2. An erroneous instruction is not cured by the giving of a proper one on the same point. 18 S. W. Rep. 459.

3. Confessions must be deliberate, voluntary and free. 34 Ark. 650; *ib.* 632.

4. It was error to refuse the instructions asked by defendant. 34 Ark. 650; Sackett on Instructions, pp. 478–9; 50 Ark. 305.

5. The prosecuting attorney made statements in his closing speech prejudicial to defendant, which were not supported by the evidence. 48 Ark. 131–2; 1 Thomp. Trials, sec. 962; 30 N. W. Rep. 630; 26 N. W. Rep. 781; 44 Wis. 282; 49 Ill. 410; 14 *id.* 432; 40 *id.* 489; 49 Ind. 33; 75 N. C. 306; 66 Ill. 401; 2 S. W. Rep. 887; 1 Thomp. Trials, secs. 963, 972, 976.

*W. E. Atkinson*, Attorney General, for appellee.

1. Surprise cannot avail defendant, as he took his chance for a verdict without objecting. 18 S. W. Rep. p. 1045.

2. The instructions asked were properly refused. 34 Ark. 650. Besides, they were covered by instructions given.

3. The speech of the prosecuting attorney was not objected to at the time, nor were exceptions saved.

BATTLE, J., after stating the facts as above reported.

**1. Surprise as ground for new trial.** Appellant is not entitled to a new trial on the ground of surprise. He made no "application for a postponement of the trial in order that he" might "repair the damage done him by the unexpected testimony." *Nickens* v. *State*, 55 Ark. 567; see also *Norwich & Worcester R. Co.* v. *Cahill*, 18 Conn. 484; *Holley's Admx.* v. *Christopher*, 3 T. B. Mon. 14; *Phenix* v. *Baldwin*, 14 Wend. 62; *Estate of Carterey*, 56 Cal. 473; *Cook* v. *De La Guerra*, 24 Cal. 240; *Brooks* v. *Douglass*, 32 Cal. 211; 3 Graham & Waterman on New Trials, p. 968; Hayne's New Trial and Appeal, sec. 85.

. Conceding that the instructions which the appellant asked for could have been lawfully given, he was not prejudiced by the refusal of the court to give the same, as they were sufficiently covered by those given.

**2. Practice as to bill of exceptions.** The third ground is not properly presented for our consideration. It should appear, if true, in the bill of exceptions. *Vaughan* v. *State*, *ante*, p. 1.

Judgment affirmed.