[Civ. No. 3541. Fifth Dist. Jan. 4, 1979.]

DANE R. HAYWARD, Plaintiff and Appellant, v.
CURTIS L. HENDERSON, as Chief of Police, etc., et al.,
Defendants and Respondents.

COUNSEL

I. Singh Aulakh for Plaintiff and Appellant.

Kimble, MacMichael, Jackson & Upton and Steven D. McGee for Defendants and Respondents.

**OPINION**

**ACCURSO, J.*—**

### STATEMENT OF THE CASE

Appellant Dane R. Hayward, a police officer for the City of Hanford, was dismissed near the end of his one-year probationary period. He brought this action to challenge the procedures used in his dismissal.

*Assigned by the Chairperson of the Judicial Council.

On February 10, 1977, appellant's counsel filed three separate documents with the Superior Court of Kings County, all under one court number. One was fashioned a petition for writ of mandate, one a complaint for a preliminary injunction, and a third a complaint under the federal Civil Rights Act.

Respondents, the City of Hanford and the police chief, demurred to the complaint for a preliminary injunction and the civil rights complaint. The court issued a memorandum of decision on the demurrers, sustaining the demurrers and giving appellant 20 days to amend the complaints. The record reflects no effort by appellant to amend his pleadings.

### STATEMENT OF THE FACTS

Appellant was hired by the City of Hanford as a police officer trainee on December 26, 1975; funding for the position was provided by the federal government under the Comprehensive Employment Training Act (CETA). Appellant successfully completed the training required.

On December 16, 1976, appellant was informed that his employment would be terminated effective December 24, 1976; no further explanation was provided.

The City of Hanford's merit system rules and regulations provide in section 904 that: "During the probationary period an employee may be suspended, demoted or terminated at any time by the Department Head without cause and without the right of appeal or to submit a grievance." The position of police officer has a one-year probationary period.

Following the dismissal, appellant's counsel exchanged a series of letters with city officials. Appellant's counsel also sent a letter to the executive director of the Tulare and Kings County Comprehensive Manpower Agency, the grantee of federal funds. The City of Hanford is a subagent or sponsor of the CETA program under this agency.

Receiving no satisfaction from the above actions, appellant filed the instant suit with the documents described in the statement of the case, *ante.*

## DISCUSSION

■ Appellant contends the trial court erred in sustaining the demurrer to the complaint for injunctive relief on the ground that appellant failed to exhaust his administrative remedies.

■ When an order has been entered sustaining a demurrer and granting leave to amend, the pleader has two options: he may test the sufficiency of his original pleading on the judgment sustaining the demurrer, or he may accept the judgment that the complaint was insufficient and file an amendment. (*Sheehy* v. *Roman Catholic Archbishop* (1942) 49 Cal.App.2d 537, 541 [122 P.2d 60].) Therefore, the duty of this court on appeal is to test the sufficiency of the original pleadings.

■ Appellant's complaint for the preliminary injunction was based on rights he claimed from the federal rules and regulations governing the CETA funding for his position. The trial court sustained respondents' demurrer to this complaint because appellant had not sufficiently alleged he had exhausted the applicable administrative remedies.

29 Code of Federal Regulations, section 98.26, requires the establishment of a procedure for resolving disputes arising out of the administration of the CETA program. Those procedures require a written notice, an opportunity for an informal hearing, and informal review. Subparagraph (d) provides in pertinent part: "No individual . . . subject to the issue resolution requirements of this section may initiate the hearing procedures of subpart C of this Part until all remedies under this section have been exhausted."

The pertinent portions of subpart C are as follows:

"§ 98.40 Purpose and policy.

"(a) The regulations set forth in this Subpart C contain the procedures . . . for the review of comprehensive manpower plans . . . and for the receipt, investigation, hearing and determination of questions of noncompliance with the requirements of the Act and the regulations promulgated under the authority of the Act. . . .

"(b) It is the policy of the Secretary to receive information concerning alleged violations of any title of the Act and the regulations promulgated pursuant thereto from any person, . . . Assistance in the filing of a formal

allegation may be secured from the appropriate Regional Solicitor, by any person who desires and needs such assistance.

"(c) A participant [appellant] in a program under the Act must exhaust the administrative remedies established by [§ 98.26] . . . for resolving matters in dispute prior to utilizing the procedures under this Subpart C. . . . A participant may initiate an action under this subpart within 30 days of any final decision by a grantee [City of Hanford].

"§ 98.41 Review of plans and applications; violations.

"   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"(b) When information available to the Secretary indicates that a grantee may be:

"   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"(4) otherwise materially failing to carry out the purposes and provisions of the Act or regulations issued pursuant to the Act; he shall, before taking final action on such grounds, notify the grantee of his proposed action and provide the grantee a reasonable time within which to respond. . . .

"(c) Every other person claiming legal injury because of any action under the Act may be heard only by initiating a complaint under § 98.42.

"   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"§ 98.47 Hearings.

"(a) *Opportunity for hearing.* Whenever an opportunity for a hearing is required by the Act, . . . and the issue has not been resolved informally, the Secretary or RA [Regional Administrator] shall give reasonable notice . . . to the affected respondent and complainant, if any. . . ."

In contrast to the above administrative procedures available to the appellant, appellant merely exchanged a series of letters with Hanford officials, consulted with the director of Tulare and Kings County Federal Manpower Agency, and followed that meeting up with a letter. Nowhere in his pleadings does appellant allege or provide facts to indicate that he has sought the administrative relief available through 29 Code of Federal

Regulations, section 98.40 et seq. Appellant suggests that the failure of the City of Hanford to provide a grievance procedure should excuse an effort to exhaust the administrative remedies. Such contention is without merit. Subpart C clearly establishes administrative procedures which appellant could have utilized to enforce the implementations of the requirements of section 98.26.

■ When an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act; this is "not a matter of judicial discretion, but is a fundamental rule of procedure . . . ." (*Abelleira* v. *District Court of Appeal* (1941) 17 Cal.2d 280, 292-293 [109 P.2d 942, 132 A.L.R. 715]; see also *United States* v. *Superior Court* (1941) 19 Cal.2d 189, 194 [120 P.2d 26].)

■ Appellant's position that he should be required to exhaust these administrative remedies only if he were to sue the United States is without merit. Appellant is thereby seeking the benefit of the protection of the statute without being required to utilize the administrative procedures set forth in that statute.

■ The requirement of exhaustion of administrative remedies is not a form of governmental immunity to be applied only if the United States is the party sued. The administrative claim or "cause of action" is within the special jurisdiction of the administrative agency, and the courts may act only to review the final administrative determination. Allowing a suit prior to such a final determination would constitute interference with the subject matter jurisdiction of another tribunal. Accordingly, the exhaustion of an administrative remedy is a jurisdictional element in California. (2 Witkin, Cal. Procedure (2d ed. 1970) Actions, § 181, p. 1045.)

■ The trial court did not have jurisdiction to litigate appellant's request for injunctive relief because he had not exhausted his administrative remedies and therefore a cause of action was not stated.

■ Appellant's contention that the trial court erred by failing to provide findings of fact and conclusions of law upon request in this case is without merit.

Code of Civil Procedure section 632 requires the superior court to prepare findings of fact and conclusions of law at the request of any party "upon the trial of a question of *fact* by the court, . . ." (Italics added.)

Despite the fact that in this case the trial court merely sustained a demurrer, appellant contends, "It is absolutely and abundantly clear that a trial was had . . . ." Appellant cites no relevant authority for this novel position that a ruling on demurrer involves a trial of fact.

A demurrer, by its very nature, involves no issue of fact. For example, a defendant cannot make allegations of fact in his demurrer which, if true, would disclose a defect in the complaint. (*Cook* v. *de la Guerra* (1864) 24 Cal. 237, 239.) Nor can he strengthen the demurrer by asserting evidence which would make the complaint defective. (*Colm* v. *Francis* (1916) 30 Cal.App. 742, 752 [159 P. 237].)

Furthermore, the Legislature has provided a specific statute to provide a record of the court's basis for granting a demurrer. Code of Civil Procedure section 472d provides in part: "Whenever a demurrer in any action or proceeding is sustained, the court shall include in its decision or order a statement of the specific ground or grounds upon which the decision or order is based . . . ."

Prior to the adoption of this statute, only a general order was required when a court sustained a demurrer. Dissatisfaction with that order and the resulting rules on appellate review resulted in the enactment of the current provision.

In the instant case, the trial court issued an extensive memorandum of decision setting forth its reasons and grounds for sustaining the demurrers. The trial court in this case was not required to make findings of fact and conclusions of law under Code of Civil Procedure section 632 and did comply with the requirements of Code of Civil Procedure section 472d by stating grounds for the decision sustaining the demurrers.

Judgment affirmed.

Franson, Acting P. J., and Hopper, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 28, 1979.