[No. D006011. Fourth Dist., Div. One. May 6, 1988.]

MICHAEL D. DOSTER, Plaintiff and Appellant, v.
COUNTY OF SAN DIEGO et al., Defendants and Respondents.

COUNSEL

Everett L. Bobbitt and Thistle & Krinsky for Plaintiff and Appellant.

Lloyd M. Harmon, County Counsel, and Arlene Prater, Deputy County Counsel, for Defendants and Respondents.

OPINION

WIENER, Acting P. J.—Plaintiff San Diego Deputy Sheriff Michael D. Doster was served with an "order of termination" on February 25, 1986,

setting forth a number of charges alleging incompetence. On June 18, 1986, the San Diego County Civil Service Commission found Doster guilty of several of those charges, but ordered him reinstated to his position as deputy sheriff with full pay and benefits. The commission determined Doster was "guilty of incompetency . . . and of inefficiency . . . in that he failed to prepare any report on September 30, 1985 and failed to include the license number in his report on December 13, 1985, . . . [but] the[se] acts . . . are not of a serious nature as to justify termination."

After Doster returned to full duty he received a letter dated July 16, 1986, from San Diego County Undersheriff Richard E. Sandberg placing a number of restrictions on him including the removal of his peace officers' powers and limiting his ability to volunteer for other assignments within the sheriff's department. The letter did not contain specific allegations of misconduct or information which explained the reasons for the undersheriff's actions.

On August 7 Doster's counsel requested clarification of the sheriff's position on the restriction of peace officer powers and a due process hearing.

On August 13 Sheriff John F. Duffy responded that he had placed the restrictions contained in the July 24, 1986, letter because the Civil Service Commission had found Doster incompetent. The sheriff interpreted this to mean that Doster was ". . . incapable of performing his job duties and must be placed in a position of strict supervision with the removal of off-duty peace officer powers." The sheriff rejected Doster's request for an administrative hearing because Doster had failed to request that hearing "within five working days of receipt of the order, . . ."

Doster unsuccessfully sought mandate to compel the County of San Diego to set aside its decision to limit his peace officers' powers; to reinstate him with all such powers; to expunge all adverse comments in his personnel record; and to convene a suitable evidentiary hearing so that the charges could be reexamined. The court ruled Doster improperly named San Diego County as the only party against whom the writ should issue and, in any event, judicial relief was barred because Doster failed to exhaust his administrative remedies.

DISCUSSION

I

Doster's attack on the judgment includes his argument that it was legally unnecessary for him to pursue his administrative remedy because

that remedy was inadequate and/or futile. The county's rejoinder is that compliance with the prescribed administrative procedure is jurisdictional citing *Civil Service Assn.* v. *City and County of San Francisco* (1978) 22 Cal.3d 552, 566 [150 Cal.Rptr. 129, 586 P.2d 162]; *Abelleira* v. *District Court of Appeal* (1941) 17 Cal.2d 280 [109 P.2d 942, 132 A.L.R. 715]; *Doyle* v. *City of Chino* (1981) 117 Cal.App.3d 673, 682 [172 Cal.Rptr. 844]; and *Hayward* v. *Henderson* (1979) 88 Cal.App.3d 64, 71 [151 Cal.Rptr. 505].

The question of whether failure to exhaust an administrative remedy is jurisdictional or only a procedural prerequisite was recently examined and thoroughly discussed by this court in *Green* v. *City of Oceanside* (1987) 194 Cal.App.3d 212 [239 Cal.Rptr. 470]. In focussing on the holding in *Abelleira,* a frequently cited case for the proposition that the exhaustion of administrative remedies is a jurisdictional prerequisite, we stated that "*Abelleira* makes it abundantly clear that the exhaustion doctrine does *not* implicate subject matter jurisdiction but rather is a 'procedural prerequisite' 'originally devised for convenience and efficiency' and now 'followed under the doctrine of stare decisis, . . .' " (*Green* v. *City of Oceanside, supra,* at p. 222.) Thus Doster's purported failure to pursue the administrative remedy available to him is not a jurisdictional bar to his seeking judicial relief.[1]

■ While we recognize the rule of exhaustion of administrative remedies remains a "fundamental rule of procedure" (*Abelleira, supra,* 17 Cal.2d at p. 293) we are also aware that courts have repeatedly recognized the rule is not inflexible dogma. (E.g., *Hollon* v. *Pierce* (1967) 257 Cal.App.2d 468, 476 [64 Cal.Rptr. 808]; *Ogo Associates* v. *City of Torrance* (1974) 37 Cal.App.3d 830, 834 [112 Cal.Rptr. 761].) Exceptions to the rule include situations when the agency is incapable of granting an adequate remedy (*Glendale City Employees' Assn. Inc.* v. *City of Glendale* (1975) 15 Cal.3d

---

[1] We use the word "purported" to describe Doster's failure to exhaust his administrative remedy since one of his arguments in this appeal is that he timely requested administrative review. The legal predicate for his argument is that the five-day period within which review must be sought was not triggered by notice of restrictions but only when a statement of reasons is given for the restrictions. Here, because the sheriff failed to give him any reason for the restrictions until August 13 his request for a due process hearing on August 7 was timely. The sheriff claims the five day period starts with notice of the restrictions, i.e., his letter of July 16. Thus Doster's request for a hearing on August 7 was too late.

We have elected not to address this issue for a number of reasons including the fact that the argument Doster makes here was not presented to the trial court. In addition a resolution of this issue becomes unnecessary in light of our holding which permits Doster to seek judicial relief. We also believe it is inappropriate to extrapolate from a single case and conclude that the sheriff's practice is to always impose restrictions without giving reasons. What happened to Doster in this case may be the exception to the general rule. We also presume the sheriff is aware that a statement of reasons serves the practical purpose of allowing an employee whose performance is deemed unsatisfactory to decide whether efforts at self-improvement are preferable to a legal challenge.

328, 342 [124 Cal.Rptr. 513, 540 P.2d 609]) or when resort to the administrative process would be futile because it is clear what the agency's decision would be (*Edgren* v. *Regents of University of California* (1984) 158 Cal.App.3d 515, 520-521 [205 Cal.Rptr. 6]; see 3 Witkin, Cal. Proc. (3d ed. 1985) Actions, §§ 238-246, pp. 269-275). Before a court can determine whether an exception is applicable the court must analyze and determine whether the benefits served by the administrative hearing outweigh denying a litigant meaningful judicial review.

The administrative procedure to which Doster was entitled is contained in the San Diego County Sheriff's Department manual of policies and procedures. The manual states that the purpose for setting "Peace Officer Performance Standards" is to establish proper levels of professional and technical competency and "an administrative procedure to quickly and appropriately correct deficient performance." (¶3.22.1.) The procedures devised to correct deficient performance include remedial training, requiring the sheriff's training division to determine the nature and extent of the officer's performance deficiency in order to recommend an appropriate course of action including the scheduling of specialized training. (¶3.22.3 (a) and (b).)

The manual also provides that the sheriff's personnel division may be notified when an officer performs in a substandard manner so that the officer's normal duties can be modified including restricting the officer's peace officer powers. When such restrictions are imposed the officer has the right of review limited to the determination of whether "the restrictions imposed are necessary and proper." Review must be sought within five working days after the order is received. (¶3.22.4A.) Within five days thereafter the undersheriff must designate a review officer with the rank of captain or above who must schedule and conduct the review hearing. The review hearing must be conducted within 15 working days after the review officer has been designated.

Before the hearing ". . . all documentation in the possession of the Personnel Division that was used as justification for the restriction of peace officer powers" (¶3.22.4C) must be made available to both the officer seeking review and the hearing officer. The officer conducting the hearing must consider all relevant information and may initiate further personal investigation to render an appropriate evaluation. The hearing officer's recommendation must be submitted to the sheriff within 10 working days after the hearing has concluded. The sheriff, however, is the person who must make the final decision as to what restrictions, if any, are appropriate.

Here, the sheriff did not identify Doster's deficiencies in performance so that a program of remedial training could be instituted. The sheriff restrict-

ed Doster's peace officer powers. Whether that order was initiated by a written request from the sheriff's personnel division in accordance with the prescribed procedures is not disclosed by the appellate record. In any event the sheriff's letter of August 13 explained the restrictions were imposed because the Civil Service Commission found Doster incompetent.

In these circumstances we question the adequacy of the administrative hearing and the purposes to be served by it. The law does not require a party to participate in futile acts.

It is clear the sheriff's determination to impose restrictions was based upon the earlier findings of incompetence made by the Civil Service Commission. Accordingly, had there been a hearing in this case to determine whether "the restrictions imposed [were] necessary and proper," that hearing would not have required the hearing officer to decide disputed factual issues. The relevant evidence relating to controverted matters on Doster's competence had been presented and decided earlier by the Civil Service Commission following a hearing in which Doster and his counsel participated. The commission had the opportunity to evaluate the credibility of the witnesses and decide whether the sheriff's or Doster's view of the respective events was correct. Thus this is not a case where the review hearing officer would have been called upon to decide controverted facts or furnish expertise essential for later judicial review. Further, the outcome of the administrative review process in the context of this case is self-evident. There is no reasonable basis to believe the sheriff, as the final decisionmaker, would have changed his mind and removed Doster's restrictions when the evidence available to him in the review hearing is the same evidence used to reach his decision. Administrative review to challenge a decision made earlier by the final decisionmaker where the decisionmaker will not be called upon to consider different evidence on the ultimate issue is truly a waste of time. We therefore conclude Doster's failure to timely seek administrative review is not a bar to his legal action. It is much more efficient for the court to review the narrow question of whether the sheriff properly imposed restrictions on Doster on the administrative record made before the Civil Service Commission rather than requiring needless administrative review to determine whether there is a legal basis for the sheriff's action. The trial court will have an ample record to reach a reasoned decision.

## II

Doster's petition for writ of mandate was also denied on the ground the writ was misdirected, naming the County of San Diego only. The petition, however, identifies Sheriff John F. Duffy as a defendant and later requests a peremptory writ of mandate issue against both the *defendant,* i.e.,

Sheriff Duffy, and *respondent,* i.e., the County of San Diego. The pleadings were adequate. Sheriff Duffy was placed on notice. He appeared in the action and his counsel was present in court. The court also had the power to make whatever small procedural amendment that might have been procedurally necessary to allow this matter to proceed. There is no technical impediment preventing Doster from proceeding in the superior court.

### III

We reject Doster's request for attorney's fees under Government Code section 800. The legal issues in this case preclude a finding the county or its officers were arbitrary or capricious.

### *Disposition*

The judgment denying the petition for writ of mandate is reversed for further proceedings consistent with this opinion. The parties to bear their respective costs for this appeal.

Work, J., and Staniforth, J.,* concurred.

---

* Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.