[No. B108919. Second Dist., Div. Five. July 6, 1998.]

RONALD HOOD, Plaintiff and Appellant, v.
HACIENDA LA PUENTE UNIFIED SCHOOL DISTRICT, Defendant and
Respondent.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part III.C.

COUNSEL

Douglas Brian Levinson for Plaintiff and Appellant.

Kohrs, Fiske & Steur, Conrad Kohrs and J. Peter Fiske for Defendant and Respondent.

OPINION

**TURNER, P. J.—**

## I. INTRODUCTION

■■ ■ ■ Ronald Hood (plaintiff) appeals from a judgment of dismissal in favor of Hacienda La Puente Unified School District (defendant) entered after its demurrer was sustained without leave to amend.[1] Plaintiff, a former teacher, had sued defendant for malicious prosecution, and for allegedly retaliating against him for "whistle-blowing." We affirm the judgment of dismissal. Plaintiff also appeals from an order staying discovery pending a ruling on defendant's demurrer. However, because we affirm the order of dismissal, the appeal from the discovery order is moot. In the published portion of the opinion, we discuss the effects of plaintiff's failure to allege he exhausted his administrative remedies pursuant to Government Code[2] section 8547.8, subdivision (c), in connection with his second cause of action for retaliation in violation of section 19683.

## II. THE FIRST AMENDED COMPLAINT

Plaintiff's first amended complaint, the operative pleading, alleged as follows. Defendant and its counsel, who "may have been the agent and employee of each other" initiated a civil proceeding against plaintiff. In so doing, the first amended complaint alleged: "[S]ome defendants were acting within the course and scope of this agency and employment while others

---

[1]Plaintiff filed a notice of appeal from the order sustaining the demurrer without leave to amend on January 2, 1997. That order is not appealable. (Code Civ. Proc., § 904.1; *Daar v. Yellow Cab Co.* (1967) 67 Cal.2d 695, 699 [63 Cal.Rptr. 724, 433 P.2d 732]; *Beazell v. Schrader* (1963) 59 Cal.2d 577, 579-580 [30 Cal.Rptr. 534, 381 P.2d 390]; *Hill v. City of Long Beach* (1995) 33 Cal.App.4th 1684, 1695 [40 Cal.Rptr.2d 125]; *Parker v. Robert E. McKee, Inc.* (1992) 3 Cal.App.4th 512, 514, fn. 1 [4 Cal.Rptr.2d 347].) On April 15, 1998, plaintiff filed an amended notice of appeal from the judgment of dismissal entered on April 13, 1998. We take judicial notice of the amended notice of appeal and the judgment of dismissal. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).) Further, we treat this appeal as from the April 15, 1998, amended notice of appeal. We dismiss the appeal filed on January 2, 1997.

[2]All further statutory references are to the Government Code except where otherwise noted.

were acting beyond the course and scope of their agency and employment." In instituting the lawsuit, the operative pleading alleged: "[That] each named defendant was acting beyond any grant of authority to the School District. Specifically, the [p]laintiff is informed and believes and based on that information and belief alleges that at all relevant times the School District lacked authority to institute or prosecute civil actions to recover damages as a governmental entity." The lawsuit terminated in plaintiff's favor when defendant and its counsel dismissed it with prejudice, less than a week before trial. In initiating and maintaining the lawsuit, defendant acted without probable cause. Defendant initiated or maintained the lawsuit without conducting any reasonable investigation or basis in fact or law, and for the purpose of improperly coercing plaintiff to settle or abandon a wrongful termination claim he was pursuing. These allegations were the basis for plaintiff's first cause of action, for malicious prosecution.

Plaintiff's second cause of action was for statutory damages "pursuant to Government Code [section] 19683." He alleged as follows. On or about January 1, 1994, plaintiff was employed by defendant and was a "whistleblower" within the meaning of Government Code section 19683. Defendant retaliated against plaintiff for whistleblowing by: filing its lawsuit against plaintiff without any factual or legal basis; commencing the litigation solely in order to harass and punish plaintiff; and filing a formal challenge to plaintiff's teaching credential.

## III. Discussion

### A. *Standard of Review*

■ The Supreme Court set forth the applicable standard of review in *Blank* v. *Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58], as follows: "In reviewing the sufficiency of a complaint against a general demurrer, we are guided by long-settled rules. 'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.' [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.] And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of

proving such reasonable possibility is squarely on the plaintiff. [Citation.]" (Accord, *Crowley* v. *Katleman* (1994) 8 Cal.4th 666, 672 [34 Cal.Rptr.2d 386, 881 P.2d 1083].) ▇ Because the present case involves claims against a public entity and is controlled by the California Tort Claims Act, the following pleading rules apply: "However, because under the Tort Claims Act all governmental tort liability is based on statute, the general rule that statutory causes of action must be pleaded with particularity is applicable. Thus, 'to state a cause of action against a public entity, every fact material to the existence of its statutory liability must be pleaded with particularity.' [Citations.]" (*Lopez* v. *Southern Cal. Rapid Transit Dist.* (1985) 40 Cal.3d 780, 795 [221 Cal.Rptr. 840, 710 P.2d 907]; see Cal. Government Tort Liability Practice 3d (Cont.Ed.Bar 1992) Claims and Actions, § 6.127, pp. 838-839.)

### B. *Failure to Comply With Section 8547.8, Subdivision (c), Bars Plaintiff's Second Cause of Action*

In his second cause of action, plaintiff sought damages on the theory defendant had retaliated against him for disclosing improper governmental activity. ▇ We conclude plaintiff's failure to allege pursuit of an administrative prerequisite to commencing a lawsuit for damages as required by section 8547.8 barred that cause of action. Plaintiff had a duty to plead exhaustion of administrative remedies or facts which indicate the duty to do so has been excused. (*Schoderbek* v. *Carlson* (1980) 113 Cal.App.3d 1029, 1033 [170 Cal.Rptr. 400], disapproved on another point in *Woosley* v. *State of California* (1992) 3 Cal.4th 758, 792 [13 Cal.Rptr.2d 30, 838 P.2d 758]; *Westinghouse Elec. Corp.* v. *County of Los Angeles* (1974) 42 Cal.App.3d 32, 37 [116 Cal.Rptr. 742].)

Section 8547.3 prohibits any state employee from "directly or indirectly us[ing] or attempt[ing] to use the official authority or influence of the employee for the purpose of intimidating, threatening, coercing, commanding, or attempting to intimidate, threaten, coerce, or command any person for the purpose of interfering with the right of that person to disclose to the State Auditor [improper governmental activities]." Section 8547.8 provides for the filing of a written complaint with the State Personnel Board. Section 19683 provides for hearings before the State Personnel Board upon a written complaint of reprisal or retaliation as prohibited by section 8547.3. A civil action for damages against a state employee who engages in the prohibited conduct is authorized by subdivision (c) of section 8547.3, and subdivision

(c) of section 8547.8.[3] However, the right to bring an action for civil damages is expressly conditioned on first filing a complaint with the State Personnel Board. Subdivision (c) of section 8547.8 provides: "In addition to all other penalties provided by law, any person who intentionally engages in acts of reprisal, retaliation, threats, coercion, or similar acts against a state employee or applicant for state employment for having disclosed improper governmental activities shall be liable in an action for damages brought against him or her by the injured party. . . . *However, any action for damages shall not be available to the injured party unless the injured party has first filed a complaint with the State Personnel Board pursuant to subdivision (a) of this section, and the board has failed to reach a decision regarding any hearing conducted pursuant to Section 19683.*" (Italics added.)

The failure to comply with section 8547.8, subdivision (c), was raised by the superior court judge at the hearing on defendant's demurrer. It is also raised in defendant's brief on appeal. We conclude the issue is jurisdictional. (*California Correctional Peace Officers Assn.* v. *State Personnel Bd.* (1995) 10 Cal.4th 1133, 1151 [43 Cal.Rptr.2d 693, 899 P.2d 79]; *Lynn* v. *Duckel* (1956) 46 Cal.2d 845, 849-850 [299 P.2d 236]; *Holderby* v. *Internat. Union etc. Engrs.* (1955) 45 Cal.2d 843, 846 [291 P.2d 463]; *United States* v. *Superior Court* (1941) 19 Cal.2d 189, 194 [120 P.2d 26]; *Abelleira* v. *District Court of Appeal* (1941) 17 Cal.2d 280, 291-293 [109 P.2d 942, 132 A.L.R. 715].) As the Supreme Court explained in *Abelleira* v. *District Court of Appeal, supra,* 17 Cal.2d at page 292, ". . . the [exhaustion of administrative remedies] rule is that where an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act." More recently, in *California Correctional Peace Officers Assn.* v. *State Personnel Bd., supra,* 10 Cal.4th at page 1151,

---

[3]Section 8547.3 provides: "(a) An employee may not directly or indirectly use or attempt to use the official authority or influence of the employee for the purpose of intimidating, threatening, coercing, commanding, or attempting to intimidate, threaten, coerce, or command any person for the purpose of interfering with the right of that person to disclose to the State Auditor matters within the scope of this article. [¶] (b) For the purpose of subdivision (a), 'use of official authority or influence' includes promising to confer, or conferring, any benefit; effecting, or threatening to effect, any reprisal; or taking, or directing others to take, or recommending, processing, or approving, any personnel action, including, but not limited to, appointment, promotion, transfer, assignment, performance evaluation, suspension, or other disciplinary action. [¶] (c) Any employee who violates subdivision (a) may be liable in an action for civil damages brought against the employee by the offended party. [¶] (d) Nothing in this section shall be construed to authorize an individual to disclose information otherwise prohibited by or under law."

Section 8547.8, subdivision (c), states in part: "In addition to all other penalties provided by law, any person who intentionally engages in acts of reprisal, retaliation, threats, coercion, or similar acts against a state employee or applicant for state employment for having disclosed improper governmental activities shall be liable in an action for damages brought against him or her by the injured party."

the Supreme Court stated: "Exhaustion of administrative remedies usually contemplates termination of all available, nonduplicative administrative review procedures. [Citations.] . . . [I]n California a requirement that administrative remedies be exhausted is jurisdictional. (*Abelleira* v. *District Court of Appeal, supra,* 17 Cal.2d 280, 293.)" Moreover, failure to exhaust an administrative remedy is a jurisdictional issue that *may be raised at any time.* (*Sampsell* v. *Superior Court* (1948) 32 Cal.2d 763, 773 [197 P.2d 739], disapproved on other grounds in *Robinson* v. *Superior Court* (1950) 35 Cal.2d 379, 386 [218 P.2d 10] [subject matter jurisdiction may not be waived]; *Jacobs* v. *Retail Clerks Union, Local 1222* (1975) 49 Cal.App.3d 959, 963 [123 Cal.Rptr. 309] [failure to exhaust administrative remedies may be raised at any time]; *Bleeck* v. *State Board of Optometry* (1971) 18 Cal.App.3d 415, 432 [95 Cal.Rptr. 860] [same]; *People* v. *Coit Ranch, Inc.* (1962) 204 Cal.App.2d 52, 57 [21 Cal.Rptr. 875] [same]; but see contra, *Mission Housing Development Co.* v. *City and County of San Francisco* (1997) 59 Cal.App.4th 55, 67 [69 Cal.Rptr.2d 185]; *Azusa Land Reclamation Co.* v. *Main San Gabriel Basin Watermaster* (1997) 52 Cal.App.4th 1165, 1215-1216 [61 Cal.Rptr.2d 447]; *Consumers Union of U.S., Inc.* v. *Alta-Dena Certified Dairy* (1992) 4 Cal.App.4th 963, 976 [6 Cal.Rptr.2d 193]; *Wallis* v. *Farmers Group, Inc.* (1990) 220 Cal.App.3d 718, 735-736 [269 Cal.Rptr. 299]; *Sacramento County Deputy Sheriffs' Assn.* v. *County of Sacramento* (1990) 220 Cal.App.3d 280, 286 [269 Cal.Rptr. 6]; *Doster* v. *County of San Diego* (1988) 203 Cal.App.3d 257, 260 [251 Cal.Rptr. 507]; *Green* v. *City of Oceanside* (1987) 194 Cal.App.3d 212, 222 [239 Cal.Rptr. 470].) We need not resolve the foregoing dispute in the decisional authority. In the present case, the issue was raised in the trial court and has been preserved.

Plaintiff has not alleged compliance with section 8547.8, subdivision (c). Nor is it asserted that he can allege such compliance. Therefore, the demurrer to his second cause of action was properly sustained without leave to amend.[4]

## C. *Unpublished Issues**

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

---

[4]The superior court judge also raised the question whether plaintiff was a *state* employee as to whom the statutory provisions for reporting governmental activities would apply. On appeal, defendant argues plaintiff was *not* a state employee. Having concluded plaintiff's cause of action is barred under section 8547.8, subdivision (c), we need not address the state employee question, or any other issue as to the viability of his second cause of action.

*See footnote, *ante,* page 435.

## IV. DISPOSITION

The judgment of dismissal is affirmed. Defendant, Hacienda La Puente Unified School District, is to recover its costs on appeal from plaintiff, Ronald Hood.

Armstrong, J., and Godoy Perez, J., concurred.