Filed 4/2/13  May v. Bank of America CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| DONNA MAY et al., | |
| Plaintiffs and Appellants, | G046893 |
| v. | (Super. Ct. No. 30-2011-00484717) |
| BANK OF AMERICA, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Robert J. Moss, Judge.  Affirmed.

Jeffrey S. Benice for Plaintiffs and Appellants.

Severson & Werson, Jan T. Chilton and Jonathan D. Dykstra for Defendant and Respondent.

## INTRODUTION

Appellants Donna May and Shellie May appeal from a judgment of dismissal in favor of Bank of America (BofA) after the trial court sustained BofA's demurrer without leave to amend. Appellants accused BofA of negligence after they were defrauded in a real estate scheme.

We affirm. BofA owed no duty of care to appellants, who were not BofA customers. The special circumstances that might create a duty of care are not present here. The trial court properly sustained BofA's demurrer and dismissed it from the case.

## FACTS

According to the first amended complaint, the only document other than the notice of appeal they included in their appendix, appellants fell victim to a real estate scam perpetrated by defendants other than BofA. These defendants persuaded appellants to wire $130,000 to a BofA escrow account in the name of Golden Gate Escrow as the purchase price of a house in San Bernardino. Golden Gate Escrow allegedly does not exist, and the people behind the scam absconded with appellants' money.

Appellants sued 14 defendants, including BofA. The other defendants were sued for several causes of action based on fraud. BofA was sued only for negligence. The negligence theory was that BofA should have checked out Golden Gate Escrow's legitimacy, and its failure to do so breached a duty of care to appellants.

BofA evidently demurred to the first amended complaint.[1] The trial court sustained BofA's demurrer and dismissed BofA from the lawsuit.[2] The grounds for dismissal were that appellants were not BofA's customers and BofA therefore owed no duty to them.

---

[1]    The moving, opposition, and reply papers are not part of the record on appeal.

[2]    The appellants' appendix included neither the order sustaining the demurrer nor the judgment of dismissal for BofA. We had to issue two orders to appellants to get a copy of the judgment.

# DISCUSSION

At the risk of sounding like a broken record (an allusion that may escape our younger readers), we repeat that an order sustaining a demurrer is not an appealable order. (*City of Morgan Hill v. Bay Area Air Quality Management Dist.* (2004) 118 Cal.App.4th 861, 867, fn. 3; *Hood v. Hacienda La Puente Unified School Dist.* (1998) 65 Cal.App.4th 435, 437, fn. 1; see also 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 154, pp. 230-231.) The appeal is taken from the judgment of dismissal. (*Leader v. Health Industries of America, Inc.* (2001) 89 Cal.App.4th 603, 611.)

On appeal from the judgment of dismissal after a demurrer has been sustained, we review a complaint de novo to determine whether any facts have been alleged that would constitute a cause of action under any theory, regardless of labels. (*Lee Newman, M.D., Inc. v. Wells Fargo Bank* (2001) 87 Cal.App.4th 73, 79.) In a multiparty lawsuit, a final judgment against one defendant leaving no issue to be determined as to that defendant is appealable. (*Nguyen v. Calhoun* (2003) 105 Cal.App.4th 428, 437.) Because appellants' sole claim against BofA was for negligence, we can review the judgment dismissing the bank.

The trial court sustained BofA's demurrer because BofA owed appellants no duty of care. Whether a duty of care exists is a question of law. (*Bily v. Arthur Young & Co.* (1992) 3 Cal.4th 370, 397.)

Two cases directly on point dispose of appellants' contentions on appeal. *Software Design & Application, Ltd. v. Hoefer & Arnett, Inc.* (1996) 49 Cal.App.4th 472 (*Software Design*) recounts a virtually identical fact pattern. The plaintiff in *Software Design* entrusted a portfolio of investments to a financial consultant, who then opened accounts under fake limited partnership names in two brokerage houses. He looted the two accounts over the course of about two years, by transferring plaintiff's funds from

3

the brokerage houses to two bank accounts, also in fake names.  He then withdrew the money from the banks and disappeared from view.  (*Id.* at pp. 476-478.)

The plaintiff sued the banks and the brokerage houses for negligence, on the theory they owed him a duty to investigate the entity opening the accounts and then monitor account transactions.  (*Software Design, supra,* 49 Cal.App.4th at p. 478.)  Both the trial and the appellate courts held the banks had no such duty.  A bank's duty of care derives from its contract with its customer, and plaintiff was not the bank's customer.  In the absence of suspicious instruments, a bank has no duty to supervise transactions such as deposits and withdrawals.  (*Id.* at pp. 479, 481.)

*Rodriguez v. Bank of the West* (2008) 162 Cal.App.4th 454 (*Rodriguez*) follows *Software Design* in a set of similar circumstances.  This time the thief was the office manager of a law firm, who opened an account at a bank in her boss's name, deposited client funds in the account, and then made off with the money.  The lawyer sued the bank for negligence.  (*Id.* at p. 460.)  As in *Software Design*, the holding was that the bank owed plaintiff no duty of care, because he was not its customer.  He had no contract with the bank; the contract was with the faithless office manager.  (*Id.* at p. 466.)

Appellants stand in the same relationship to BofA as the plaintiffs in *Software Design* and *Rodriguez* to the banks they sued, which is to say no relationship at all.  They were not BofA customers, and BofA owed no duty of care to them.  Without a duty of care, no cause of action for negligence can survive a demurrer.  (*Bily v. Arthur Young & Co., supra*, 3 Cal.4th at p. 397 [existence of duty of care "essential prerequisite" of negligence cause of action].)

Appellants argue they have stated a cause of action under *Sun 'n Sand, Inc. v. United California Bank* (1978) 21 Cal.3d 671 (*Sun 'n Sand*).  In that case, the plaintiff's employee caused legitimate company checks to be made out to UCB for small amounts, which she altered to much larger amounts.  She then somehow persuaded UCB to deposit these checks, payable to the bank, in her personal account.  (*Id.* at p. 678.)

4

The defrauded company sued UCB for negligence, among other theories; the trial court sustained the bank's demurrers and dismissed the action. The Supreme Court reversed as to negligence, finding that UCB did in fact have a "narrowly circumscribed" duty of care: "it is activated only when checks, not insignificant in amount, are drawn payable to the order of a bank and are presented to the payee bank by a third party seeking to negotiate the checks for his own benefit." (*Sun 'n Sand, supra,* 21 Cal.3d 671.)[3] Under these circumstances, injury from such an irregular transaction is reasonably foreseeable; indeed, it is glaringly obvious. (*Id.* at pp. 695-696.) Watching out for such transactions imposes no undue burdens on banks. (*Ibid.*)

Obviously, appellants' case is quite dissimilar to the facts presented in *Sun 'n Sand*. Their wire transfer was made to Golden Gate Escrow, not BofA. And no one made any attempt to divert an instrument made payable to BofA into his personal account. Even if *Sun 'n Sand* still supports a common-law negligence claim against banks, it does not support appellants' claim.

Appellants argue BofA was at fault for not determining whether Golden Gate Escrow actually existed, as it could have done with "'*minimal*' inquiry." But appellants too could have made a "minimal inquiry" to find out who or what they were dealing with before they parted with $130,000. For instance, a visit to the California Department of Corporations website provides a link whereby licenses for persons and companies regulated by the Department of Corporations, the Department of Real Estate, the Office of Real Estate Appraisers, and the Department of Financial Institutions can be checked in one go. If there was something wrong with Golden Gate Escrow in this transaction, it was appellants' responsibility to discover it, not BofA's.

---

3        *Sun 'n Sand* is no longer good law on the specific facts alleged in the case. In 1993, the Legislature enacted Commercial Code section 3405, dealing with checks presented by employees trying to defraud their employers. (See *Lee Newman, M.D., Inc. v. Wells Fargo Bank* , *supra*, 87 Cal.App.4th at pp. 79-83.)

## DISPOSITION

The judgment dismissing BofA is affirmed.  Respondent is to recover its costs on appeal.


BEDSWORTH, J.

WE CONCUR:


O'LEARY, P. J.


MOORE, J.