[Civ. No. 30620. Fourth Dist., Div. Three. Mar. 30, 1984.]

COALITION FOR STUDENT ACTION et al.,
Plaintiffs and Appellants, v.
CITY OF FULLERTON et al., Defendants and Respondents;
RJS DEVELOPMENT COMPANY, INC.,
Real Party in Interest and Respondent.

COUNSEL

Hile & Wallach and Gregory A. Hile for Plaintiffs and Appellants.

John K. Van de Kamp, Attorney General, Marilyn K. Mayer, Deputy Attorney General, Rutan & Tucker, Jeffrey M. Oderman and Philip D. Kohn for Defendants and Respondents.

Kindel & Anderson, Manuel S. Klausner and Charles H. Kanter for Real Party in Interest and Respondent.

OPINION

CROSBY, J.—Two individuals and an unincorporated association appeal a judgment denying a petition for writ of mandate to compel respondent public

entities to set aside approval of plans to construct a 12-story, 200-room hotel and conference center on the campus of California State University, Fullerton, and to improve and expand the existing football/soccer stadium and baseball field. Petitioners' challenge was based on respondents' alleged violations of the California Environmental Quality Act (CEQA). Petitioners claimed no CEQA violation at the administrative level, however, and may not do so for the first time in a petition for writ of mandate. Thus, we affirm the judgment without reaching the merits of the appeal.

I

In compliance with the California Administrative Code, title 14, section 15080, the City of Fullerton prepared "Initial Studies" in October and November 1982 "to determine if the project[s] may have a significant effect on the environment." The initial study for the hotel project determined there were no significant environmental effects and a negative declaration would be appropriate (Pub. Resources Code, § 21080, subd. (c)(1)[1]). The initial study for the sports complex concluded potentially significant effects on the environment were avoided by incorporating specific mitigation measures into the plans and only a negative declaration, not an Environmental Impact Report (EIR), was thus necessary (§ 21080, subd. (c)(2)).

The Fullerton Planning Commission held a noticed public hearing concerning the proposed hotel on December 8, 1982; no member of the public objected to the project or the environmental data. The Fullerton City Council and Redevelopment Agency noticed joint public hearings on the projects on January 4 and 18, 1983. Again, no one criticized the recommendation to prepare negative declarations or claimed EIR's were required. The negative declarations were approved at the conclusion of the second hearing.

The petition for writ of mandate was timely filed several weeks later. (§ 21167.) There, petitioners alleged for the first time the failure to prepare EIR's violated CEQA. Respondents answered, and the court determined respondents complied with CEQA requirements and substantial evidence supported their actions. The petition was denied.

II

Although respondents vigorously argue the exhaustion of administrative remedies issue here, as they did in the superior court, petitioners' brief fails to address the matter. And petitioners' treatment of the issue in the trial

---

[1]All statutory references are to the Public Resources Code.

court was cursory at best. They correctly recognized "the agency should be given an opportunity to meet all the issues and defenses during administrative hearings and offer opposing evidence and argument, so that appropriate rulings and findings may be made," but nevertheless concluded, "if the evidence *is* in the administrative record, respondents have [necessarily] . . . been presented with the issues and have had the opportunity to respond thereto."

■ This non sequitur reflects petitioners' misunderstanding of the doctrine of exhaustion of administrative remedies, which precludes judicial review of issues, legal and factual, which were not first presented at the administrative agency level. (*Sea & Sage Audubon Society, Inc.* v. *Planning Com.* (1983) 34 Cal.3d 412 [194 Cal.Rptr. 357, 668 P.2d 664].) ■ Here, the petition alleges numerous significant environmental effects, challenges the failure to prepare EIR's, and claims approval of the negative declarations was not supported by substantial evidence; but, as petitioner's attorney conceded during oral argument, most of these issues were not raised at the administrative level, particularly the objection to proceeding by way of negative declaration. For this reason, there is simply no jurisdictional basis for judicial review of the decision to not secure an EIR. (*Id.,* at p. 417; *Laird* v. *Workers' Comp. Appeals Bd.* (1983) 147 Cal.App.3d 198, 204-205 [195 Cal.Rptr. 44].)

Petitioners rely on generalized environmental comments at public hearings to satisfy the exhaustion doctrine. It is difficult to imagine any derogatory statement about a land use project which does not implicate the environment somehow. More is obviously required. For example, in *City of Walnut Creek* v. *County of Contra Costa* (1980) 101 Cal.App.3d 1012 [162 Cal.Rptr. 224], petitioner opposed the county's approval of a land use permit for construction of an apartment complex and argued the issue of density restrictions, but only in the most general terms. The subsequent petition for writ of mandate, however, alleged the project would violate specific density limitations in the county's general plan. The trial court denied the petition and the Court of Appeal affirmed: " 'It was never contemplated that a party to an administrative hearing should withhold any defense . . . or make only a perfunctory or "skeleton" showing in the hearing and thereafter obtain an unlimited trial de novo, on expanded issues, in the reviewing court. [Citation.] . . . "Having failed to raise the [issue] before the commission, the appellant waived his right to that . . . defense." ' " (*Id.,* at pp. 1019-1020, quoting *Bohn* v. *Watson* (1954) 130 Cal.App.2d 24, 37 [278 P.2d 454].) The same result was reached in *Running Fence Corp.* v. *Superior Court* (1975) 51 Cal.App.3d 400 [124 Cal.Rptr. 339], where petitioners challenged a negative declaration, claiming an EIR was required. The court

observed the EIR arguments were presented to the administrative agency and were properly reviewable in the petition for writ of mandate. Other alleged violations of CEQA had not been raised at the administrative level, however, and were barred: "In the absence of a showing that the foregoing technical deficiencies . . . were voiced at [the agency's public hearings] they cannot be raised for the first time on seeking court review." (*Id.*, at p. 429.)

██ The essence of the exhaustion doctrine is the public agency's opportunity to receive and respond to articulated factual issues and legal theories *before* its actions are subjected to judicial review. ██ The doctrine was not satisfied here by a relatively few bland and general references to environmental matters. The city was entitled to consider any objection to proceeding by negative declaration in the first instance, if there was one. Mere objections to the *project,* as opposed to the procedure, are not sufficient to alert an agency to an objection based on CEQA. Petitioners, having failed to raise their CEQA claims at the administrative level, cannot air them for the first time in the courts.

Judgment affirmed. Respondents to recover costs on appeal.

Trotter, P. J., and Sonenshine, J., concurred.

A petition for a rehearing was denied April 24, 1984, and appellants' petition for a hearing by the Supreme Court was denied May 30, 1984.