Opinion
 

 HAERLE, J.
 

 I. Introduction
 

 In this case we hold that an absence of legal representation in administrative proceedings, and purported misadvice by an agency official as to the proper method of taking an administrative appeal, do not excuse a prospective litigant from the requirement of exhausting administrative remedies as a jurisdictional prerequisite to resort to the courts.
 

 Park Area Neighbors (PAN) appeals from a judgment denying a petition for a writ of administrative mandate (Code Civ. Proc., § 1094.5) by which PAN challenged the Town of Fairfax’s approval of a low-income housing development proposed by Innovative Housing, Inc. (IH). We affirm.
 

 
 *1445
 
 II. Facts and Procedure
 

 IH has been attempting to develop two sites in Fairfax for more than a decade. Eventually, after various proposals, IH sought administrative approval of a “shared housing” development on the sites, to consist of nineteen bedrooms in six buildings, with each of five buildings containing one shared kitchen and other common facilities. The project required a series of permits and variances.
 

 On March 19, 1992, the Fairfax Planning Commission held a public hearing on the project. Several neighbors spoke out against it, expressing concerns about the number of potential residents, parking, and communal living in general. The planning commission voted in favor of the project, approving permits and variances for hill area residential development, uncovered parking, excavation and encroachment. The commission also recommended that the town council approve a traffic impact permit, on which the council had the final decision.
 
 [1]
 

 None of the opposing neighbors were represented by counsel at the planning commission meeting. One of them asked the commissioners, “What do we have to do to stop this project? Is there any hope at all to stop this project[?] What can we do?” A commissioner replied, “You appeal to the Town Council with a petition. That’s really all you can do.” The commissioner then described a previous development dispute in which he and another person had presented the town council with “500 signatures.” He concluded, “I would suggest that is perhaps your only outlet left ... at this point.”
 

 The Fairfax Town Code provides that a planning commission action may be appealed to the town council by “verified application to the town clerk” filed within 10 days of the action. (Fairfax Town Code, § 17.20.020.) No appeal was filed. Instead, neighbors presented the town council with a list of signatures by 265 persons opposing the project on the ground the neighborhood “is already too dense (as evidenced by the existing parking and traffic problems) to accommodate anything more than single family residences or duplexes.”
 

 The town council held a public hearing on April 13, 1992. Again, several neighbors, still unrepresented by counsel, spoke out against the project, expressing general concerns about parking, traffic and density in the neighborhood. The council voted to approve the traffic impact permit and a curb cut variance.
 

 
 *1446
 
 On April 20, 1992, an attorney wrote to the town council on behalf of PAN—an unincorporated association of community members—requesting reconsideration of the council’s approval of the traffic impact permit and “consideration of an appeal” of the planning commission’s permit and variance approvals. Counsel argued that her clients had been misadvised at the planning commission meeting to collect signatures against the project, and had not been advised of the right to appeal to the city council. At public hearings on May 11 and 18, 1992, the mayor, town attorney and several council members responded that the council had no jurisdiction under the town code to reconsider the project and could not allow an untimely appeal.
 

 On May 22, 1992, PAN filed a petition for a writ of administrative mandate, challenging the project and its permit and variance approvals on numerous grounds, including violation of the California Environmental Quality Act (CEQA) and the town code. PAN subsequently moved to amend the petition to add several allegations, including inconsistency with the town’s zoning ordinances. The court granted the motion over IH’s objection that the amendments were barred by the statute of limitations, but the court subsequently rendered judgment on the merits against PAN.
 

 III. Discussion
 

 A.
 
 PAN’s Contentions
 

 PAN has limited its arguments on appeal to two aspects of the project: the town council’s approval of the traffic impact permit, and the project’s purported inconsistency with zoning ordinances pertaining to density.
 

 Regarding the traffic impact permit, PAN contends (1) an underlying study of existing traffic by an independent consultant did not include adjustments to reflect seasonal and daily variations in traffic as required by the town code, but was improperly based on traffic counts conducted on a single day in August of 1991; (2) the trial court erred in concluding otherwise on the ground the independent study relied on traffic counts conducted by an IH consultant during three days in 1989 and 1990 for a previously withdrawn project proposal; (3) an exclusion from the adjustment requirement where traffic increases will be minimal did not apply here; and (4) the town council did not adopt a resolution setting forth the methodology to be used in the traffic study as required by the town code.
 

 Regarding inconsistency with the density ordinances, PAN contends (1) the project does not meet per-building density requirements; (2) treatment of each building as a single living unit to meet density requirements is inconsistent with the zoning of the sites, which does not authorize single-family
 
 *1447
 
 residences; (3) treatment of the project as a group dwelling as defined by the town code to meet density requirements is improper and is inconsistent with the zoning of the sites; and (4) the hill area residential development permit issued by the planning commission does not extend to the entire project and does not allow density violations.
 

 B.
 
 Exhaustion of Administrative Remedies
 

 There is a fatal problem with most of these contentions: except for one aspect of the traffic study argument, PAN failed to present them to either the planning commission or the town council and, hence, failed to exhaust its administrative remedies.
 

 Under the doctrine of exhaustion of administrative remedies, “where an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act.”
 
 (Abelleira
 
 v.
 
 District Court of Appeal
 
 (1941) 17 Cal.2d 280, 292 [109 P.2d 942, 132 A.L.R. 715].) This rule “is not a matter of judicial discretion, but is a fundamental rule of procedure laid down by courts of last resort, followed under the doctrine of
 
 stare decisis
 
 and binding upon all courts.”
 
 (Id.
 
 at p. 293.) Exhaustion of administrative remedies is, in short, “a jurisdictional prerequisite to resort to the courts.”
 
 (Ibid.)
 
 Its rationale is the prevention of interference with the jurisdiction of administrative tribunals by the courts, which are only authorized to review final administrative determinations.
 
 (Hayward
 
 v.
 
 Henderson
 
 (1979) 88 Cal.App.3d 64, 70 [151 Cal.Rptr. 505].) “The essence of the exhaustion doctrine is the public agency’s opportunity to receive and respond to articulated factual issues and legal theories
 
 before
 
 its actions are subjected to judicial review.”
 
 (Coalition for Student Action
 
 v.
 
 City of Fullerton
 
 (1984) 153 Cal.App.3d 1194, 1198 [200 Cal.Rptr. 855], original italics.)
 
 [2]
 

 The present case implicates two legislatively mandated exhaustion requirements. The first is set forth in Government Code section 65009,
 
 *1448
 
 subdivision (b)(1), which requires that, with exceptions not applicable here, in an action or proceeding challenging local zoning and planning decisions made at a public hearing, “the issues raised shall be limited to those raised in the public hearing or in written correspondence delivered to the public agency . . . This required PAN to assert its various traffic and density arguments at the public hearings or in writing before the planning commission and town council.
 

 The other exhaustion requirement arises from the Fairfax Town Code, which provides for appeal of a planning commision action to the town council. (Fairfax Town Code, § 17.20.020.) This applies only to the density arguments, which challenge the permit and variance approvals by the planning commission, and not to the traffic impact permit approval by the town council, which was not subject to administrative appeal.
 

 None of the opposing neighbors, at either the planning commission or town council level, raised any of the issues now asserted on appeal, with one exception: at the town council meeting of April 13, 1992, a neighbor complained that “the traffic study was unfairly based on IH estimates of the traffic”—that is, on the traffic counts conducted by the IH consultant on three days in 1989 and 1990. Nobody asserted the inapplicability of the adjustment exclusion or the lack of a traffic study methodology resolution, or made any of the density arguments now advanced. As to those matters, there was a failure to comply with the exhaustion requirements of Government Code section 65009, subdivision (b)(1).
 

 Nor did any of the neighbors appeal the planning commission’s actions by filing a “verified application to tike town clerk” within 10 days. (Fairfax Town Code, § 17.20.020.) As to the density arguments, there was a failure to comply with the exhaustion requirements of the Fairfax Town Code. (See
 
 Sea & Sage Audubon Society, Inc.
 
 v.
 
 Planning Com.
 
 (1983) 34 Cal.3d 412 [194 Cal.Rptr. 357, 668 P.2d 664].)
 

 PAN contends that it should be held to a lesser exhaustion requirement and its failure to exhaust excused because its members were (a) unrepresented by counsel before the planning commission and town council, and (b) misadvised by one of the planning commissioners to collect signatures on a petition rather than file an appeal as provided by the Fairfax Town Code
 
 [3]
 

 A premise of this appeal to leniency, misadvice by the commissioner, is weak. The commissioner’s advice—that “you appeal to the Town Council”
 
 *1449
 
 —was correct. At most, he created a potential for misunderstanding by further stating that the appeal is “with a petition,” rather than using the term “verified application” as prescribed by the town code, and then describing a prior dispute in which he had presented the town council with “500 signatures.” In this context, the word “petition” was imprecise: it could reasonably have been understood in the sense of an “application” to the town council (see Black’s Law Dict. (6th ed. 1990) p. 1145, col. 2) or in the sense of a list of signatures. The neighbors simply drew the wrong inference.
 

 Thus, we hesitate to ascribe any fault to the commissioner. But even assuming there was misadvice, we have no discretion to relax the exhaustion doctrine. “It is not a matter of judicial discretion, but is a fundamental rule of procedure laid down by courts of last resort, followed under the doctrine of
 
 stare decisis,
 
 and binding upon all courts.”
 
 (Abelleira
 
 v.
 
 District Court of Appeal, supra,
 
 17 Cal.2d at p. 293.)
 

 PAN’s salient points—that its members were unrepresented by counsel and vulnerable to misadvice by the commissioner—cannot excuse a failure to comply with this fundamental rule. It is true that “[l]ess specificity is required to preserve an issue for appeal in an administrative proceeding than in a judicial proceeding because in administrative proceedings parties generally are not represented by counsel. [Citation.] To hold such parties to knowledge of the technical rules of evidence and to the penalty of waiver for failure to make a timely and specific objection would be unfair for them.”
 
 (East Peninsula Ed. Council, Inc.
 
 v.
 
 Palos Verdes Peninsula Unified School Dist.
 
 (1989) 210 Cal.App.3d 155, 176-177 [258 Cal.Rptr. 147].) But this does not mean an objection need not be raised at all, or a prescribed appeal procedure need not be followed. “ ‘It is no hardship ... to require a layman to make known what facts are contested.’ ”
 
 (Citizens Assn. for Sensible Development of Bishop Area
 
 v.
 
 County of Inyo
 
 (1985) 172 Cal.App.3d 151, 163 [217 Cal.Rptr. 893], quoting
 
 Kirby
 
 v.
 
 Alcoholic Bev. etc. Appeals Bd.
 
 (1970) 8 Cal.App.3d 1009, 1020 [87 Cal.Rptr. 908].) PAN’s members had to make their objections known in
 
 some
 
 fashion, however unsophisticated. Otherwise, the town would have no opportunity to respond to those objections prior to judicial review—which is the “essence of the exhaustion doctrine.”
 
 (Coalition for Student Action
 
 v.
 
 City of Fullerton, supra,
 
 153 Cal.App.3d at p. 1198.)
 

 PAN’s argument is reminiscent of equitable estoppel, suggesting an assertion that the town, having arguably misadvised PAN’s members as to how to appeal the planning commission’s action, should not now be allowed to claim they proceeded incorrectly. (See Evid. Code, § 623;
 
 Green
 
 v.
 
 Travelers Indemnity Co.
 
 (1986) 185 Cal.App.3d 544, 555-556 [230 Cal.Rptr. 13].)
 
 *1450
 
 But equitable estoppel “does not apply to representations on matters of law; and the general rule is that the government is neither bound nor estopped by the acts of its agents in giving incorrect legal advice.”
 
 (Pickwick Corporation
 
 v.
 
 Welch
 
 (S.D.Cal. 1937) 21 F.Supp. 664, 671; see also
 
 Shamrock Development Co.
 
 v.
 
 City of Concord
 
 (9th Cir. 1981) 656 F.2d 1380, 1386 [no estoppel where city misstated its authority to require dedication of land as condition of subdivision approval];
 
 Henry
 
 v.
 
 City of Los Angeles
 
 (1962) 201 Cal.App.2d 299, 308 [20 Cal.Rptr. 440] [no estoppel where parties labored under mutual mistake of law].) We are unaware of any legal principle that allows a civil litigant to avoid a procedural rule of jurisdictional dimension based on receipt of purportedly misleading legal advice from an administrative official during a period of nonrepresentation by counsel; further, we are disinclined to create one.
 

 We conclude that neither lack of legal representation, nor any consequent vulnerability to purported misadvice on matters of administrative procedure, relaxes the requirement that PAN must have exhausted its administrative remedies as a jurisdictional prerequisite to resort to the courts, or excuses PAN’s failure to do so. The exhaustion doctrine is well rooted in
 
 stare decisis,
 
 and courts should be loathe to carve out exceptions to such established procedural rules absent compelling reasons to do so.
 

 The complete failure of PAN’s members to assert any challenge before the planning commission or town council to the project’s compliance with density ordinances, the applicability of the adjustment exclusion and the lack of a resolution on traffic study methodology, or to appeal the planning commission’s actions in the manner prescribed by the town code, precludes the assertion of those challenges in this judicial proceeding. The neighbors’ expressions of concern about the number of potential residents, parking, traffic and density in the neighborhood were too general to alert the town to the issues now asserted.
 
 (Coalition for Student Action
 
 v.
 
 City of Fullerton, supra,
 
 153 Cal.App.3d at pp. 1197-1198.) The only substantive point asserted by PAN that is cognizable on appeal is the claim, specifically voiced by a neighbor at the town council meeting, that the 1991 traffic study improperly relied on the prior study by the IH consultant. Even under the “less specificity” rule applicable to unrepresented persons in administrative proceedings
 
 (East Peninsula Ed. Council, Inc.
 
 v.
 
 Palos Verdes Peninsula Unified School Dist, supra,
 
 210 Cal.App.3d at pp. 176-177), only the latter point can be said to have been asserted at the administrative level.
 
 [4]
 

 
 *1451
 
 C.
 
 Reliance on the Prior Traffic
 
 Study
 
 *
 

 IV. Disposition
 

 The judgment is affirmed.
 

 Kline, P. J., and Phelan, J., concurred.
 

 [1]
 

 The town council had exclusive jurisdiction over a curb cut variance request.
 

 [2]
 

 In
 
 Green
 
 v.
 
 City of Oceanside
 
 (1987) 194 Cal.App.3d 212, 222 [239 Cal.Rptr. 470], the court held that the exhaustion requirement does not implicate
 
 subject
 
 waiter jurisdiction and thus is waived if not asserted at the trial level. IH, however, asserted the point below. In its answer to PAN’s petition, IH specifically denied PAN’s allegation of exhaustion of administrative remedies, and the parties (either IH, or PAN, or both) argued the various exhaustion issues in their points and authorities and in oral argument before the trial court. “[Wjhere, as here, the issue is timely raised, exhaustion remains a prerequisite to judicial relief.”
 
 (Sacramento County Deputy Sheriffs’ Assn.
 
 v.
 
 County of Sacramento
 
 (1990) 220 Cal.App.3d 280, 286 [269 Cal.Rptr. 6].)
 

 In minute orders explaining its rulings, the trial court decided the traffic and density issues on the merits, without mentioning the failure to exhaust administrative remedies. It is well settled, however, that a decision will be affirmed if correct on any legal theory, regardless of the reasons given by the trial court.
 
 (Davey
 
 v.
 
 Southern Pacific Co.
 
 (1897) 116 Cal. 325, 329 [48 P. 117].)
 

 [3]
 

 PAN’s legal representation at the time of the request to the town council for reconsideration does not affect this argument, since the town council denied reconsideration not on the merits but for lack of jurisdiction or a timely appeal.
 

 [4]
 

 In the unpublished portion of this opinion, we conclude the town council did not abuse its discretion in approving the traffic impact permit. For this reason, and because of the failure to
 
 *1451
 
 exhaust administrative remedies, we do not reach the merits of PAN’s other contentions or IH’s argument that the claims in the amended petition are barred by the statute of limitations.
 

 *
 

 Part III(C) of this opinion is not certified for publication. (See fn.,
 
 ante,
 
 at p. 1442.)