Filed 6/24/14  Expert Automotive Reconditioning v. Dept. of Industrial Relations CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| EXPERT AUTOMOTIVE RECONDITIONING, INC., <br><br> Plaintiff and Appellant, <br><br> v. <br><br> DEPARTMENT OF INDUSTRIAL RELATIONS, DIVISION OF LABOR STANDARDS ENFORCEMENT, <br><br> Defendant and Respondent. | G048448 <br><br> (Super. Ct. No. 30-2012-00573573-CU-WM-CJC) <br><br> O P I N I O N |

Appeal from an order of the Superior Court of Orange County, John C. Gastelum, Judge.  Affirmed.

Del Mar Law Group, JL Sean Slattery and David P. Hall for Plaintiff and Appellant.

Edna Garcia Earley for Defendant and Respondent.

\*          \*          \*

## I. INTRODUCTION

While appellant correctly identifies this as a "What's in a name?" case, the Shakespearean reference sheds little light on its proper resolution. We are asked to determine whether the nugatory distinctions appellant identifies between Dynamic Auto Images and Dynamic Auto Images, Inc., require reversal of the judgment entered below. We conclude they do not.

Labor Code section 2054 requires that all car washing businesses register with the Labor Commissioner annually. Car dealers, however, are exempt.[1] When a deputy labor commissioner noticed a group of nine workers who appeared to be working for Expert washing cars at a local BMW dealership, he telephoned a woman named Sonia who worked for the company. Sonia told him the firm had workers' compensation insurance, but was not registered with the commissioner. The deputy commissioner then issued a citation, fining "Expert Automotive Reconditioning, Inc., a corporation Doing Business As (dba) Dynamic Auto Images, Inc." the maximum fine for operating a car washing business without being registered with the commissioner: $10,000.[2] In a subsequent administrative hearing, Expert's attorney explicitly acknowledged there was "no issue" about Expert's dba name, Dynamic Auto Images. Rather, Expert's defense at the administrative hearing was that it fell within the exception for car dealerships. That defense didn't work.

So when Expert petitioned the trial court for a writ to overturn the fine, all of a sudden it realized a critical mistake had been made. While Dynamic Auto Images is

---

[1] The statute consists of one sentence: "Every employer shall register with the commissioner annually." It's part of a small section of the Labor Code (Lab. Code §§ 2050-2068) generally concerned with the protection of employees who work for car washes. (See Historical and Statutory Notes, 44C West's Ann. Lab. Code foll. § 2050, p. 8 [Governor Davis' signing message].) The statute exempts such activities as high school fund-raising car washes, and also licensed car dealers (Lab. Code, § 2051, subd. (b)(2) [excluding "any licensed vehicle dealer" from definition of "Employer"].)

[2] Registration appears to be synonymous with licensing, as shown by both the citation itself, which recites "Employer conducting car washing and polishing business without a valid car wash license" and by the inspector's use of the word "license" at a later administrative hearing to describe a certificate of registration.

the fictitious dba[3] by which Expert does business, it turns out that there is a separate corporation yclept Dynamic Auto Images, *Inc*. which is virtually indistinguishable from Expert: same owner, same attorney, same agent for service of process, same location. And it was with *this* Dynamic Auto Images that the contract with the BMW dealership was made. So, insisted appellant, the commissioner fined the wrong corporate entity.

The wrong-corporate-entity argument is made too late. It is black-letter administrative law that issues must be raised before the relevant administrative body or they are waived. (E.g., *Coalition for Student Action v. City of Fullerton* (1984) 153 Cal.App.3d 1194, 1197; *City of Walnut Creek v. County of Contra Costa* (1980) 101 Cal.App.3d 1012, 1019-1020.) And this one was specifically waived at the administrative level.

## II. FACTS

A. *The Entities*

Given the nature of this appeal, we must go to some extra effort to distinguish two corporations that are otherwise pretty hard to tell apart. The entity fined by the commissioner, appellant Expert Automotive Reconditioning, Inc., was incorporated in California in 2006. As noted above, it has a dba of Dynamic Auto Images. But Dynamic Auto Images, Inc. is, technically, a different corporation, incorporated in 2004. And yet, "curiouser and curiouser" as Lewis Carroll would have said, each corporation has the same Chief Executive Officer, Tom Miller, the same agent for service of process, Sean Slattery, each is in the automotive detailing business, and each is located at the same address – suite 102 of 1407 N. Batavia Avenue, Orange California. We will refer to Expert Automotive Reconditioning, Inc. as Expert even though it has a dba of Dynamic Auto Images, and occasionally also refer to it as the 2006 corporation after its incorporation date. We will refer to Dynamic Auto Images, Inc. as

---

[3]     See Business and Professions Code section 17900 et seq. [governing fictitious business names].

3

Dynamic, and occasionally also refer to it as the 2004 corporation after its incorporation date.

B. *The Fine*

On August 6, 2010, Dynamic –the 2004 corporation – entered into a contract with Shelly BMW to provide car washing and detailing services. The contract recites it is between Shelly BMW and "Dynamic Auto Images, Inc., a California corporation (hereinafter 'Contractor')."[4] It repeats the "Inc." in a clause delineating who on each side was to receive any notices.[5] The contract is signed by Tom Miller as President of Dynamic Auto Images, Inc. However, in Exhibit 1 of the contract (Scope of Work) the contractor is referred to as Dynamic Auto Images – no Inc. ("Dynamic Auto Images will prep all sold cars by implementing our delivery process . . . .") so a casual reader might indeed think the Dynamic Auto Images in the contract was Expert, since Expert's dba is exactly that – Dynamic Auto Images.

On May 12, 2011, a deputy labor commissioner, John Bao, inspected Shelly BMW as part of a "car wash sweep" being conducted that day. Bao met Gonzalo Gonzalez who – it is a reasonable inference – identified himself as being from "Expert Automotive Reconditioning, Inc."[6] That same day, Bao spoke with Sonia Diaz. Diaz told Bao "the business" had no "car wash license." Bao also spoke on the phone with Tom Miller, whom he identified as the "manager of . . . Dynamic Expert Automotive Reconditioning, Inc."[7] The record does not recount what the nature of the conversation

---

4  Words in all caps in the contract are converted to normal capitalization in this opinion.

5  "If to the Contractor: Dynamic Auto Images, Inc. [¶] Attn: Tom Miller [¶] 1407 N. Batavia #102 [¶] Orange, Ca. 92867."

6  The testimony at the subsequent commission hearing went like this:
"Mr. Bao: I met Mr. Gonzalo Gonzalez.
"The Hearing Officer: Gonzalo Gonzalez?
"Mr. Bao: Gonzalez from Expert Automotive Reconditioning, Inc. I notice that the business employ [*sic*] at least nine employees, meaning five employees was [*sic*] seen working at front area for washing and four other employees, including Mr. Gonzalez, had a detail center located in back of the parking lot dealership."
When later asked if Gonzalez "identif[ied] his position," Bao simply answered, "Manager."

7  There is no entity with *that* precise appellation.

4

with Miller was, but, soon after it, Bao – apparently still at the BMW dealership – gave a citation to Gonzalez for $10,000 for operating at least 100 days without registration. The actual citation lists "Expert Automotive Reconditioning, Inc., a corporation" in the box titled "Legal Entity" and lists "Dynamic Auto Images, *Inc*." (italics added) in the box titled "Doing Business As (dba)."

3. *The Administrative Appeal*

Expert Automotive Reconditioning, Inc. requested an administrative hearing before the commissioner, which was held in late July 2011. The address given in the request form for the firm was "1407 N. Batvia [*sic*] Suite # 102, Orange, CA."

At the hearing, Bao recounted events from his May 2011 inspection. In that process he was asked by the hearing officer if he asked Diaz "if this appellant had a valid –" and Bao immediately cut in, "Workers' comp[.] car wash registration." The hearing officer then immediately followed up with the question, "And you were provided [with] the workers' comp[.], and you were not provided with any type of car wash certificate?" Bao then produced the worker's comp. certificate, as the State's exhibit 1, and then soon produced the contract with the BMW dealership – we note the contract lists Dynamic Auto Images, Inc. as the contractor – as the State's exhibit 2.

The hearing officer was quick to notice that the contracting entity – Dynamic Auto Images, Inc. – had a different name from Expert Automotive Reconditioning, Inc. The hearing officer asked, "So what's the name of the corporation?" That colloquy went like this:

"Mr. Bao: Name of the entity is Expert Automotive Reconditioning, Inc., as –

"The Hearing Officer: Right. And this one is Dynamic Auto Images, so –

"Mr. Bao: That's the dba name.

"The hearing officer: So that's a dba?

"Mr. Bao: That's dba name."

5

"The hearing officer: Okay. Okay. There it is, Expert Automotive Reconditioning, Inc., doing business as Dynamic Auto Images as listed on your workers' comp. [certificate]." Turning to Expert's counsel, the hearing officer then asked:

"So there is no issue there; is that correct?"

Expert's counsel answered, "No, there is not."

When it came time for Expert to explain its position, its counsel focused on the company's relationship with the BMW dealership. He argued the employees did not deal with the public, and only followed orders from the dealership. He thus argued the employees were like a soldier suing a manufacturer of military helicopters for product liability with the manufacturer standing in the shoes of government for purposes of governmental immunity.[8] Carrying the analogy forward, he claimed Expert "stands in the shoes of the dealerships . . . ." The shoes of the dealer, in fact, embodied his entire argument.[9]

Some nine months later, in mid-April 2012, the officer issued a formal decision on the hearing. The hearing officer found the stand-in-the-shoes argument without merit and affirmed the fine (called a "Penalty Assessment Order").

4. *The Writ Petition in the Trial Court*

About two and a half months after the hearing officer's decision, Expert Automotive Reconditioning, Inc., the 2006 corporation, filed a petition for a writ of mandate asking the Superior Court to order the State Labor Commissioner to rescind the fine. As it did when it appealed administratively, it gave its address as suite 102, 1407 N. Batavia, Orange, California. The petition, however, raised for the first time the issue of

---

8       Expert argued that, just as a defense contractor might have immunity for a crash of military helicopters (see *Hudgens v. Bell Helicopters/Textron* (11th Cir. 2003) 328 F.3d 1329) so it should be for a car dealership. The hearing officer said the argument was without merit.

9       The attorney alluded to an advice of counsel defense, but only alluded to it, and appeared to mention it only to withdraw it: "We are actually looking for advice of counsel to say that he never needed – that the business never needed this [certificate] because of this exemption [for car dealers]. Unfortunately, I was not able to locate that, that we were acting under advice of counsel."

6

whether the commissioner had confused Expert "with another corporation," which turned out to be Dynamic Auto Images, Inc. Expert recognized that Dynamic had "the same address and same CEO" as expert. But, it said, pointing to the contract with the BMW dealership, "The party to the Independent Contractor Agreement is 'Dynamic Auto Images, Inc.' and is a different business entity than 'Expert Automotive Reconditioning, Inc. dba Dynamic Auto Images.'" Hence it reasoned there was no evidence showing *Expert* had a contract with the dealership, hence there was no substantial evidence Expert had violated the statute. Expert noted that Bao never asked "if <u>Dynamic</u> had a valid car wash certificate or confirmed they did not."

The trial judge rejected the separate entity argument: "Although Expert now argues Expert and Dynamic are two separate entities, proof of such is not before this court and was not in the administrative record. If it is true, [Expert] should have presented such at the administrative hearing to negate the evidence showing otherwise." Expert appealed from the March 2013 minute order, denying its petition requested writ within 60 days. No formal judgment having been filed, technically the appeal is premature. In the interests of justice, however, we deem the minute order to incorporate a judgment denying the requested petition so as to expedite the appeal. (See *Beazell v. Schrader* (1963) 59 Cal.2d 577, 579-580; *Francis v. Dun & Bradstreet, Inc.* (1992) 3 Cal.App.4th 535, 539.)

### III. DISCUSSION

Expert's argument on appeal, converted into a rather unwieldy syllogism, goes like this: There was no real evidence that *Expert*, as distinct from *Dynamic*, was the employer of the nine persons found washing and polishing cars on May 12, 2011, at Shelly BMW. The contract was with Dynamic, that is, Dynamic Auto Images, *Inc*., and in fact the administrative record itself contains an inter-agency inquiry for Dynamic Auto Images, Inc. – the 2004 corporation – so the hearing officer should have known that it was Dynamic, not Expert, who was the employer. Further, Gonzalez didn't really

7

identify himself as a manager employed *by Expert*, he only identified himself as a manager. It was Bao who leapt to the conclusion he was a manager for Expert. Ergo, there was no substantial evidence presented at the administrative hearing that Expert was the employer of the nine workers.

To which, of course, the obvious rejoinder is: Expert had its chance, at the administrative hearing, to disabuse the hearing officer of the impression that Expert was indeed the employer of the nine workers, but didn't take that opportunity. Expert never squarely confronts the problem of its clear waiver of the opportunity to make a wrong-corporate-entity argument at the hearing. The best it does is to imply that the hearing officer should have figured it out on his own from the inter-agency inquiry.

Which is, to put it charitably, unpersuasive, and, to put it a little less charitably, would reward Expert for what appears to have been litigation strategy that was too clever by half. One need only imagine what would have happened if Expert had, Tweedledee-like, pointed at its sister corporation Dynamic at the hearing. Suppose, for example, when the hearing officer, after first noting that Expert's workers' compensation certificate showed its dba was Dynamic Auto Images, and having turned to counsel to ask if there was an issue about the identity of the corporation, got an answer that went something like this: "Well, actually, there is an issue. Mr. Bao got Expert Automotive Reconditioning Inc. confused with Dynamic Auto Images, Inc. As the contract with the BMW dealership shows, it was the corporate entity known as Dynamic Auto Images, Inc. who was the real employer of the nine workers he found that day in May." If *that*, or something like it, had been presented to the administrative hearing officer, the $10,000 fine against Expert might indeed have been rescinded, only to have a new fine for the same amount leveled against Dynamic. The argument wasn't made, perhaps because counsel thought a fine is a fine is a fine is a fine, and it wouldn't do the common owner of Expert and Dynamic any good to end up having Dynamic pay the $10,000 Expert would otherwise pay.

Indeed, it is a reasonable inference that far from being a mere casual statement of counsel that should not bind his client, the no issue statement was part of a deliberate litigation strategy. *Of course* counsel did not raise any issue as to corporate identity, and was even willing to say at the administrative hearing that everything Bao said was correct. The strategy at the hearing was to hope to win on the theory Expert was standing in the shoes of the car dealership, with the corporate identity argument being held in reserve. If unsheathed at the administrative level, it would be self-defeating.

Legally of course, as strategies go, it just doesn't work: "It was never contemplated that a party to an administrative hearing should withhold any defense then available to him or make only a perfunctory or 'skeleton' showing in the hearing and thereafter obtain an unlimited trial de novo, on expanded issues, in the reviewing court." (*Bohn v. Watson* (1954) 130 Cal.App.2d 24, 37.) Any issue of corporate identity was thus, as the trial judge correctly recognized, waived.

We need only add that even if the issue hadn't been waived, given the rule that reasonable inferences are drawn in favor of the party prevailing at an administrative hearing (see, for example, most recently from this court, *Worthington v. Davi* (2012) 208 Cal.App.4th 263, 277), there is substantial evidence to support the hearing officer's determination that the nine car washers and polishers were employed by Expert. It is a reasonable inference that Gonzalez identified Expert as the company for which he was acting as a manager, if only because Bao knew to call Expert and speak to Diaz and Miller afterwards. And Diaz, who surely would have known the difference between Expert and Dynamic *if* there was any real difference between them, admitted Expert was performing car washings for 12 dealerships. Bao's recounting of his conversations with the two of them is more than enough to establish liability under the substantial evidence standard. (*In re Marriage of Mix* (1975) 14 Cal.3d 604, 614 [testimony of a single credible witness is sufficient to support a finding of fact].)

9

There is more, though.  All doubt is removed by the workers' compensation certificate, which lists Shelly BMW as the certificate holder and Expert Automotive Reconditioning Inc. dba Dynamic Auto Images – not Dynamic Auto Images *Inc.* – as the insured.  Viewing the record as a whole, as Expert now invites us to do, it is clear that the workers washing and polishing cars at Shelly BMW were covered by Expert's workers compensation policy because Expert was the true employer.

## IV.  DISPOSITION

The order of March 22, 2011, now deemed to incorporate a judgment denying Expert's petition for a writ of administrative mandate, is affirmed.  Respondent will recover its costs on appeal.


BEDSWORTH, J.

WE CONCUR:


O'LEARY, P. J.


ARONSON, J.

10