Filed 2/11/26  Smith v. L.A. Unified School District CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| JERYL SMITH,<br><br>        Plaintiff and Appellant,<br><br>    v.<br><br>LOS ANGELES UNIFIED SCHOOL DISTRICT,<br><br>        Defendant and Respondent. | B343601<br><br>(Los Angeles County Super. Ct. No. 23STCV11420) |

        APPEAL from an order of the Superior Court of Los Angeles County, Gail Killefer, Judge.  Affirmed.

        Law Office of Alaba Ajetunmobi and Alaba Ajetunmobi for Plaintiff and Appellant.

        Los Angeles Unified School District, Office of the General Counsel, and Michael D. Johnson for Defendant and Respondent.

## INTRODUCTION

Jeryl Smith appeals from the trial court's order dismissing her action against the Los Angeles Unified School District after sustaining the District's demurrer to Smith's sixth amended complaint without leave to amend. Smith alleged the District violated Education Code section 22458 by failing to provide accurate information about her retirement date to the California State Teachers' Retirement System (CalSTRS), which prevented CalSTRS from correctly computing her retirement benefits.[1] The court ruled Smith failed to exhaust her administrative remedies. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A.    *Smith Discovers an Error in Her Retirement Benefits and Contacts the District and CalSTRS*

The District employed Smith as a teacher from 1981 to 2008. A month before Smith intended to retire, she filled out a form stating her retirement date would be August 26, 2008. After she retired CalSTRS administered her retirement benefits.

---

[1]    Undesignated statutory references are to the Education Code. Section 22458 states: "Each employer shall provide the system with information regarding the compensation to be paid to employees subject to the Defined Benefit Program in that school year. The information shall be submitted annually as determined by the board and may include, but shall not be limited to, employment contracts, salary schedules, and local board minutes."

In 2019 Smith decided to file for Social Security benefits. She reviewed "data" CalSTRS provided her to submit to the Social Security Administration, found "discrepancies" in the payments she received from CalSTRS, and discovered "unexplained and unusual activities in her account." Smith's discovery of the error coincided with the start of the COVID-19 pandemic; Smith could not reach anyone in the office of the District or CalSTRS. Near the end of 2020, however, she was able to speak with a representative of CalSTRS and asked for documents that reflected her years of service and any changes to her account since her retirement. Eventually, Smith discovered CalSTRS was underpaying her because its records reflected an inaccurate number of years of service with the District.

Smith filed a "formal complaint" with CalSTRS and, through the documents she received from CalSTRS, learned the District had submitted to CalSTRS a form stating her retirement date was March 6, 2008, not August 26, 2008, which reflected "a decrease of about five months in calculating [her] years of service credit" (= she worked approximately five months longer than the District told CalSTRS). Smith contacted the District, and an attorney for the District informed her that "she had a three-year limitation period to request corrections if time was reported incorrectly by her cited administrator."

On October 27, 2021 CalSTRS's Office of Legal Ethics and Accountability (Office of Legal Ethics) sent a letter to the District requesting information about Smith's account. Receiving no response, the Office of Legal Ethics sent the District an "escalation letter" asking again for the information. After still receiving no response, the Office of Legal Ethics sent the District a "final notice" letter on January 25, 2023, documenting the

3

District's failure to provide the requested information and informing the District that, under section 22458, employers had to "provide CalSTRS with information regarding the compensation to be paid to employees subject to the Defined Benefit Program in that school year."

On January 26, 2023 the Office of Legal Ethics sent a letter to Smith informing her that, regarding what the office called her "Citizen's Complaint, October 31, 2022," the office had attempted to "retrieve information" from LAUSD "in order to correct discrepancies" on her account, but "with no success."[2] The Office of Legal Ethics told Smith to "contact [the District] to ask for their immediate action so that CalSTRS may make any necessary modifications" to her account. The last line of the letter stated: "This concludes our response to your complaint."

> B. *Smith Files a Complaint and, After Giving Her Leave To Amend Five Times, the Trial Court Dismisses It Without Prejudice*

On May 22, 2023 Smith sued the District, alleging seven causes of action, including violation of section 22458. Smith subsequently amended her complaint, and the District demurred, five times. The trial court sustained each of the District's

---

[2] Smith did not attach to her sixth amended complaint a copy of this citizen's complaint the Office of Legal Ethics was referring to, and the record on appeal does not include a copy of that document. The Citizen Complaint Act of 1997 requires state agencies to "make available on the Internet" a form "through which individuals can register complaints or comments relating to the performance of that agency." (Gov. Code, §§ 8330, 8331, subd. (a).)

4

demurrers with leave to amend, until the demurrer to Smith's sixth amended complaint, which the court sustained without leave to amend.

In her operative sixth amended complaint Smith alleged a single cause of action for violation of section 22458.[3] Smith alleged that the District "failed to comply with CalSTRS' demands regarding the correct compensation to be paid" to her and that, "as a direct and proximate result" of the District's conduct, she was not receiving "her full retirement benefits." Smith sought "recovery of her full retirement benefits owed." The District argued in its demurrer to Smith's sixth amended complaint she failed to exhaust her administrative remedies under section 22219.

In sustaining that demurer without leave to amend, the trial court ruled that section 22219, subdivision (a), authorizes the Board of CalSTRS to hold a hearing to determine "any question presented to it involving any right, benefit, or obligation of a person under this part" of the Education Code and that Smith did not allege she "made a request to the [CalSTRS] Board, but the request was denied." The court also ruled the complaint Smith filed with the Office of Legal Ethics did not satisfy the requirement of presenting a claim to the CalSTRS Board. The court dismissed Smith's complaint without prejudice, and Smith timely appealed.

---

[3] The sixth amended complaint also named CalSTRS as a defendant, but Smith subsequently dismissed CalSTRS.

5

# DISCUSSION

A. *Applicable Law and Standard of Review*

"'A demurrer tests the legal sufficiency of factual allegations in a complaint.  [Citation.]  A trial court's ruling sustaining a demurrer is erroneous if the facts alleged by the plaintiff state a cause of action under any possible legal theory.'" (*Ventura29 LLC v. City of San Buenaventura* (2023) 87 CalApp.5th 1028, 1036 (*Ventura29 LLC*); see *City of Oakland v. Oakland Raiders* (2022) 83 Cal.App.5th 458, 471.)

"As a general rule, "'a party must exhaust administrative remedies before resorting to the courts.  [Citations.]  Under this rule, an administrative remedy is exhausted only upon 'termination of all available, nonduplicative administrative review procedures.'"'" (*Hill RHF Housing Partners, L.P. v. City of Los Angeles* (2021) 12 Cal.5th 458, 477; see *Coachella Valley Mosquito & Vector Control Dist. v. California Public Employment Relations Bd.* (2005) 35 Cal.4th 1072, 1080; *Ventura29 LLC*, *supra*, 87 Cal.App.5th at pp. 1037-1038.)  "'The exhaustion doctrine is principally grounded on concerns favoring administrative autonomy (i.e., courts should not interfere with an agency determination until the agency has reached a final decision) and judicial efficiency (i.e., overworked courts should decline to intervene in an administrative dispute unless absolutely necessary).'" (*Coachella Valley*, at p. 1080; see *Hill RHF Housing*, at p. 478; *Carachure v. City of Azusa* (2025) 110 Cal.App.5th 776, 784.)  "The exhaustion requirement applies to defenses as well as to claims for affirmative relief," and courts have described "exhaustion of administrative remedies as 'a jurisdictional prerequisite to resort to the courts.'" (*Coachella*

6

*Valley*, at p. 1080; see *Tesoro Refining & Marketing Co. LLC v. Los Angeles Regional Water Quality Control Bd.* (2019) 42 Cal.App.5th 453, 469 ["The exhaustion requirement is not a matter of judicial discretion; it is a jurisdictional prerequisite to resort to the courts."].)

"[I]f an administrative remedy is available, it must be exhausted even though the administrative remedy is couched in permissive language." (*Morton v. Superior Court* (1970) 9 Cal.App.3d 977, 982; accord, *City of Grass Valley v. Cohen* (2017) 17 Cal.App.5th 567, 577.) ""Even where the administrative remedy may not resolve all issues or provide the precise relief requested by a plaintiff, the exhaustion doctrine is still viewed with favor "because it facilitates the development of a complete record that draws on administrative expertise and promotes judicial efficiency."" (*Sierra Club v. San Joaquin Local Agency Formation Com.* (1999) 21 Cal.4th 489, 501; accord, *Plantier v. Ramona Municipal Water Dist.* (2019) 7 Cal.5th 372, 383.) "'A demurrer may properly be granted based on the failure to adequately plead an exhaustion of administrative remedies.'" (*Ventura29 LLC*, *supra*, 87 Cal.App.5th at p. 1037; see *Campbell v. Regents of University of California* (2005) 35 Cal.4th 311, 333 [trial court did not err in dismissing the plaintiff's complaint, where the plaintiff did not show "that she either attempted to exhaust her administrative remedies or that she should be excused from doing so"]; *Parthemore v. Col* (2013) 221 Cal.App.4th 1372, 1379 ["A complaint is vulnerable to demurrer on administrative exhaustion grounds when it fails to plead either that administrative remedies were exhausted or that a valid excuse exists for not exhausting."].)

"'We independently review the ruling on a demurrer and determine de novo whether the pleading alleges facts sufficient to state a cause of action.'" (*Association for Los Angeles Deputy Sheriffs v. County of Los Angeles* (2023) 94 Cal.App.5th 764, 776-777; see *Allied Anesthesia Medical Group, Inc. v. Inland Empire Health Plan* (2022) 80 Cal.App.5th 794, 801-802.)  "On appeal, '[w]hen a demurrer [has been] sustained, we determine whether the complaint states facts sufficient to constitute a cause of action.  [Citation.]  And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse.'  [Citations.]  We follow the well-settled rule that '[w]hen reviewing a judgment dismissing a complaint after the granting of a demurrer without leave to amend, courts must assume the truth of the complaint's properly pleaded or implied factual allegations.'  [Citation.]  On the other hand, the reviewing court 'does not . . . assume the truth of contentions, deductions or conclusions of law.'" (*Loeffler v. Target Corp.* (2014) 58 Cal.4th 1081, 1100; see *Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081; *City of Norwalk v. City of Cerritos* (2024) 99 Cal.App.5th 977, 985.)

B.      *Smith Failed To Exhaust Her Administrative Remedies*

1.      *Smith Had an Administrative Remedy*

"'CalSTRS was created by the Legislature in 1913 as a retirement system for credentialed California teachers and administrators in kindergarten through community college. [Citations.]'  'CalSTRS is the state agency responsible for

8

managing contributions made by employees and member school districts to the state Teachers' Retirement Fund.'" (*Blaser v. State Teachers' Retirement System* (2019) 37 Cal.App.5th 349, 356; see *Baxter v. State Teachers' Retirement System* (2017) 18 Cal.App.5th 340, 349.)  The CalSTRS Board has "the sole power and authority to hear and determine all facts pertaining to application for benefits under the plan[4] or any matters pertaining to administration of the plan and the system." (§§ 22200, 22201; see *Yuba City Unified School Dist. v. State Teachers' Retirement System* (2017) 18 Cal.App.5th 648, 651 ["CalSTRS is administered by the Teachers' Retirement Board"]; *O'Connor v. State Teachers' Retirement System* (1996) 43 Cal.App.4th 1610, 1614-1615 ["The Board's duties include . . . calculating and paying retirement allowances."].)  The Board has the authority to "[h]ear complaints" in connection with "any investigation or action authorized" by Government Code section 11180[5] (Gov. Code, § 11181), "subpoena witnesses and compel their attendance to testify before it" (§ 22220), and require the county superintendent and other employing agencies to "furnish any further information concerning any member or beneficiary" (§ 22455; see *Yuba City Unified School Dist.*, at p. 651).

---

[4]     That is, the State Teachers' Retirement Plan.  (*Duarte v. State Teachers' Retirement System* (2014) 232 Cal.App.4th 370, 384-385.)

[5]     Which authorizes the head of each department to investigate and prosecute actions concerning "[a]ll matters relating to the business activities and subjects under the jurisdiction of the department."

9

Section 22219, subdivision (a), provides the Board of CalSTRS "may in its discretion hold a hearing for the purpose of determining any question presented to it involving any right, benefit, or obligation of a person" under the State Teachers' Retirement System. (See *Rush v. State Teachers' Retirement System* (2021) 62 Cal.App.5th 151, 156-157.) "Such a hearing is conducted by an administrative law judge subject to the rules governing administrative adjudications." (*Id.* at p. 157, fn. 9; see § 22219, subd. (b); Gov. Code, § 11500 et seq.)

### 2. *But Smith Did Not Exhaust It by Asking the CalSTRS Board To Hold a Hearing*

Smith filed a citizen's complaint with CalSTRS's Office of Legal Ethics under Government Code section 8331, subdivision (a), which is not a request the CalSTRS Board hold a hearing to resolve CalSTRS's miscalculation of her benefits. As the trial court found, Smith did not deny in her opposition to the District's demurrer she failed to present her claim to correct her retirement benefits to the Board. Smith therefore did not avail herself of the administrative remedy under section 22219. Because Smith failed to exhaust her administrative remedies, the trial court did not err in sustaining the District's demurrer and dismissing her action. (See *Wassmann v. South Orange County Community College Dist.* (2018) 24 Cal.App.5th 825, 832, 850; *Parthemore v. Col, supra*, 221 Cal.App.4th at p. 1376; *Morton v. Superior Court, supra*, 9 Cal.App.3d at pp. 980, 985.)

Smith argues she "effectively" exhausted her administrative remedies because the District "foreclosed any actions in the matter" by informing her that her request to correct her benefits was "time-barred" and by "failing to respond

10

to any of the several inquiries for information sent by CalSTRS."
The District, however, does not have authority to determine the
level of Smith's benefits; only the CalSTRS Board does.  (See
§§ 22200, 22201; *O'Connor v. State Teachers' Retirement System*,
*supra*, 43 Cal.App.4th at pp. 1614-1615.)

  *Hollon v. Pierce* (1967) 257 Cal.App.2d 468, cited by Smith,
is distinguishable.  In that case a public school district declined to
renew the plaintiff's contract after the superintendent discovered
the plaintiff had helped prepare a religious publication.  (*Id.* at
pp. 472-474.)  The plaintiff filed a complaint with the State Fair
Employment Practice Commission.  After investigating the
matter the commission recommended the district "reemploy" the
plaintiff, and the plaintiff learned the commission "contemplated
no further action."  (*Id.* at p. 474.)  The court in *Hollon* held the
plaintiff exhausted his administrative remedies because, though
the commission did not render a "final order," the commission's
statements it would take "no further action 'pending civil action'"
indicated the "administrative machinery had stopped."  (*Id.* at
p. 476.)  Here, more steps in the administrative machinery
remained.  After receiving the letter from the Office of Legal
Ethics, Smith could have requested a hearing before the CalSTRS
Board, which had the power to subpoena witnesses (such as
custodians of records) from the District.  (See Gov. Code,
§ 22220.)  If the District's records incorrectly stated Smith's years
of service, the Board may make the necessary adjustments to
Smith's benefits.  (See § 22308, subd. (c) [subject to the
limitations period, "the board may correct all actions taken as a
result of errors or omissions of the employer or this system"].)  By
failing to request a hearing before the Board, Smith did not
pursue her administrative remedies to completion.  (See *City of*

11

*San Jose v. Operating Engineers Local Union No. 3* (2010)
49 Cal.4th 597, 609 ["Exhaustion requires 'a full presentation to
the administrative agency upon all issues of the case and at all
prescribed stages of the administrative proceedings.'"].)

Smith argues section 22219 does not apply because
"administrative rehearings are not [a] prerequisite to situations
where no one was aggrieved by the rulings of an administrative
board" and, in her case, "CalSTRS did not make any rulings that
would lead to a rehearing." The broad language of section 22219,
however, authorizes the Board to hold a hearing to determine
"any question" regarding "any right, benefit, or obligation of a
person" under the State Teachers' Retirement System. The relief
Smith sought in her sixth amended complaint—to recover her full
retirement benefits—is within the Board's jurisdiction. As Smith
states in her opening brief, she filed an action against the District
"for the collection of money due to the miscalculation of her
retirement benefits." Because the Board has exclusive authority
to determine all matters related to her benefits, she had to
present her claim to the Board. (See *Morton v. Superior Court*,
*supra*, 9 Cal.App.3d at p. 982 ["It lies within the power of the
administrative agency . . . to determine, in the first instance and
before judicial relief may be obtained, whether a given
controversy falls within its granted jurisdiction."].)

Smith also argues Government Code section 8331,
subdivision (a), and the "guidelines of CalSTRS" prescribe the
"administrative process for processing [her] Complaint." As
discussed, Smith's citizen's complaint was not a request for a
hearing before the CalSTRS Board to resolve the discrepancy in
her retirement benefits, and Smith's administrative remedy after
receiving a less-than-satisfactory response from the Office of

Legal Ethics (the office that responded to her citizen's complaint) was to seek a hearing before the Board under section 22219.[6] In addition, the "guidelines" Smith cites, information on the CalSTRS website about how a member of the public can file a citizen's complaint and about the CalSTRS Office of the Ombuds, are not in the record. Nor, to the extent matters on CalSTRS's website may be subject to judicial notice (see *Al Shikha v. Lyft, Inc.* (2024) 102 Cal.App.5th 14, 21 ["'[w]e may not take judicial notice of the truth of the contents of a website'"]; *Searles Valley Minerals Operations, Inc. v. State Bd. of Equalization* (2008) 160 Cal.App.4th 514, 519 ["although it might be appropriate to take judicial notice of *the existence* of the Web sites, the same is not true of their factual content"]), did Smith file a request for judicial notice in the trial court or a motion for judicial notice in this court under California Rules of Court, rule 8.252. (See *Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3 ["normally 'when reviewing the correctness of a trial court's judgment, an appellate court will consider only matters which were part of the record at the time the judgment was entered'"]; *OneTaste Inc. v. Netflix, Inc.* (2025) 116 Cal.App.5th 174, 195 ["'Reviewing courts generally do not take judicial notice of evidence not presented to the trial court. Rather, normally "when reviewing the correctness of a trial court's judgment, an appellate

---

[6] As stated, Smith did not include a copy of her citizen's complaint in the record on appeal, which is another reason Smith has not shown she exhausted her administrative remedies. (See *Jameson v. Desta* (2018) 5 Cal.5th 594, 609 [the appellant "'has the burden of providing an adequate record,'" and "'[f]ailure to provide an adequate record on an issue requires that the issue be resolved against'" the appellant].)

13

court will consider only matters which were part of the record at the time the judgment was entered."'"].)

Again citing language from the CalSTRS website, Smith argues that, under the "CalSTRS guidelines," a hearing before the Board "is only available after a final agency determination, which never occurred in this case due to [the District's] refusal to cooperate in making the process work." Though the material on the website is not in the record or subject to judicial notice, there is a regulation that authorizes a member who disagrees with a decision by CalSTRS to request a hearing before the CalSTRS Board after following a sequence of steps, including asking for review of a decision.[7] (See Cal. Code Regs., tit. 5, § 27101; *Rush v. State Teachers' Retirement System*, *supra*, 62 Cal.App.5th at pp. 156-157.) However, neither this regulation nor the statutory language of section 22219 restricts the Board's power to hold a hearing to matters where CalSTRS has rendered a decision. As discussed, section 22219 confers broad discretion on the Board to hold a hearing on any question involving a right or benefit under the retirement system that the Board administers.

C. *Pursuing CalSTRS's Administrative Procedure Would Not Have Been Futile*

Smith argues it would have been futile for her to request an administrative hearing with CalSTRS because she had already received a response from an attorney for the District that her claim to correct her benefits "was barred by a three-year statute

---

[7] A decision "means a decision designated as final by a Director of the Program Area, or his/her designee, to which the administrative matter was assigned." (Cal. Code Regs., tit. 5, § 27100.)

14

of limitations." The District's opinion on the timeliness of Smith's request to have the District correct her retirement date, however, is not the same as an opinion by the CalSTRS Board on whether (and how much) Smith can recover in lost benefits. (See *Coachella Valley Mosquito & Vector Control Dist. v. California Public Employment Relations Bd.*, *supra*, 35 Cal.4th at pp. 1080-1081 ["'The futility exception requires that the party invoking the exception "can positively state that the [agency] has declared what its ruling will be on a particular case."'"]; *Upshaw v. Superior Court* (2018) 22 Cal.App.5th 489, 506 [plaintiff did not establish the futility exception applied where she did not "positively" state the decisionmaker "would have denied [her] grievance had she submitted one"].) Smith needed to pursue her administrative remedies with CalSTRS's Board, the entity with authority to resolve her dispute over how CalSTRS computed her benefits (§§ 22200, 22201). There is no legal or factual support for Smith's assertion "the requirement to seek administrative review would have had no effect given that [the District] had already determined that [the] time to seek corrective action was over."

　　*Farahani v. San Diego Community College Dist.* (2009) 175 Cal.App.4th 1486 and *Doster v. County of San Diego* (1988) 203 Cal.App.3d 257, cited by Smith, are distinguishable. In *Farhani* the plaintiff's employer terminated the plaintiff's employment after he purportedly violated an agreement containing terms and conditions for the plaintiff to remain in his position after the employer received complaints about his sexual misconduct. (*Farhani*, at pp. 1489-1490.) One of the terms was that, if the plaintiff failed to comply with the provisions of the agreement, he could be terminated "'without the issuance of

charges . . . and without right of appeal,'" and the termination letter stated, "'Since you are being terminated from employment because of a violation of the [Agreement], you do not have a right of appeal.'" (*Id.* at pp. 1490-1491.)  The court in *Farhani* held: "Plaintiff need not exhaust administrative remedies provided by statute if the agency has already rejected the claim, announced its position on the claim or made clear it would not consider the plaintiff's evidence." (*Id.* at p. 1497.)  Unlike the defendant in *Farhani*, CalSTRS did not tell Smith that it would not consider her claim or that she had no right to pursue her administrative remedy.

In *Doster v. County of San Diego*, *supra*, 203 Cal.App.3d 257 the plaintiff's employer placed certain restrictions on the plaintiff after the county civil service commission found him "incompetent." (*Id.* at p. 259.)  The plaintiff filed a petition for writ of mandate to compel his employer to set aside the restrictions and "to convene a suitable evidentiary hearing so that the charges could be reexamined." (*Ibid.*)  The court in *Doster* held the plaintiff did not need to exhaust an administrative procedure prescribed by his employer because there was "no reasonable basis to believe the [head of the plaintiff's employing agency], as the final decisionmaker, would have changed his mind and removed [the plaintiff's] restrictions when the evidence available to him in the review hearing is the same evidence used to reach his decision." (*Id.* at p. 262.)  There are no such circumstances here; CalSTRS did not issue any kind of ruling on the fate of Smith's benefits.[8]

---

[8]     Smith does not ask for leave to amend or argue she can amend her complaint a sixth time to allege facts sufficient to constitute a cause of action.

## DISPOSITION

The order dismissing Smith's complaint without prejudice is affirmed.  The District is to recover its costs on appeal.


SEGAL, Acting P. J.

We concur:



FEUER, J.



STONE, J.